## HENRY WAGNER v. TOWNSHIP OF SALZBURG.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 3, 1890—Decided March 3, 1890.

[To be reported.]

1. Neither the commonwealth nor any municipality through whose territory a public road passes, is liable to landowners for damages sustained by them through the exercise of the state's power of eminent domain in the laying out and opening of the road, until made so by legal enactment: Feree v. Meily, 3 Y. 153; and when a statute gives to landowners a specific remedy for the recovery of such damages, that remedy must be pursued.

2. When viewers appointed to lay out a road and assess the damages arising therefrom, have given public notice of their meeting, a landowner to whom they have awarded no damages is concluded in a collateral proceeding by a decree confirming their report, although he had no personal notice of the view; such owner should at the earliest opportunity apply for a review, except to the report, or ask for the opening of the confirmation.

3. A township, charged by a local statute with the payment of damages arising from the opening of a public road under order of the Court of Quarter Sessions, is not a municipal corporation invested with the power of eminent domain, within the purview of § 8, article XVI. of the constitution, and it incurs no liability to an action of trespass by a landowner for the recovery of such damages.

BEFORE PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 419 January Term 1889, Sup. Ct.; court below, No. 14 September Term 1887, C. P.

On June 5, 1887, Henry Wagner brought trespass against

the township of Salzburg to recover damages to his real estate arising from the opening of a public road. The defendant pleaded not guilty.

At the trial on February 27, 1888, it was shown as follows: Prior to 1873, Tinsley Jeter, being the owner of a tract of land in Salzburg township, Lehigh county, adjacent to the borough of South Bethlehem, Northampton county, plotted it into town lots. Among the streets laid out by his plot was one called Seneca street, fifty feet wide, which he opened for public use. Lots fronting on this street were sold by Jeter according to his plot, by deeds calling for that street as a boundary, and three of the lots so sold became vested through various subsequent conveyances in Henry Wagner, the plaintiff, and were owned by him in 1885.

On June 2, 1885, citizens of Salzburg township petitioned the Court of Quarter Sessions of Lehigh county for the appointment of viewers to lay out a public road upon the ground occupied by Seneca street, as dedicated upon 'Jeter's plot. Viewers were appointed as prayed for. At September term 1885, these viewers reported in favor of laying out and opening a public road upon the route designated by the petition, at a grade not exceeding five degrees. They reported, further, that notice of the time and place of the view had been given by public advertisements and by personal service upon all the owners of lands over which said road would pass, and that all said owners had released damages. They returned and filed with the report a release signed by several landowners but not by the plaintiff, and attached to the report was a plot of the road as laid out by the viewers, the portion of it to be graded being indicated upon the plot.

This report was in due course of procedure confirmed, and an order directing that the road be opened to the width of fifty feet was issued to the supervisors of said township. In September, 1886, the supervisors commenced opening and grading the road under this order, and in so doing they made a cut to the depth of between five and six feet in front of the plaintiff's lots.

The plaintiff's counsel proposed to show by him that he had no notice of the time and place of the view, that he was not asked to release his damages by the viewers, and that he did not release the same.

Objected to as incompetent and irrelevant, and as an attempt to contradict testimony already offered by the plaintiff himself.

By the court: The plaintiff alleges that before the public road was laid out there was a road there called Seneca street, which had been dedicated to public use, and that the plaintiff derives title from the party who made such dedication. The plaintiff seeks to recover here upon two grounds; in the first place, that, if it is held that the public road laid out by the viewers was not upon the plaintiff's ground, but that he simply adjoined the road, then he could not have been entitled to damages at the hands of the viewers, inasmuch as he was not the owner of land over which the road was laid out, and in that view of the plaintiff's case it might be that there was no occasion to give notice to him by the viewers. Under the rule of the Court of Quarter Sessions of this county, it is required that landowners have notice of the time and place of view. The other ground upon which the plaintiff seeks to recover, is that if it is held that he was a landowner under the road laws applicable to this county, and entitled to notice, then, inasmuch as no notice was in fact given to him, as he alleges, therefore he is not compelled to pursue the remedy pointed out by act of assembly for the assessment of his damages in the Quarter Sessions, and consequently he is not obliged to come into court on appeal from the report of viewers, but his common law remedy still exists. The plaintiff has assumed the burden of showing that there was no notice to him, and the report of viewers may be said to be ambiguous on the question as to whether they regarded this plaintiff as a landowner or not. Therefore, the court thinks it is material for the plaintiff to show whether or not he had notice of the proceeding to lay out the road. Objection overruled; exception.[4]

The plaintiff thereupon testified that he had no notice of the view, and was not asked to and did not release damages; that he was away from home, in connection with his employment as a canal driver, at the time the view was held, and he first learned that the road had been laid out when, upon his return from one of his trips in September, 1886, he found the supervisors engaged grading it. Witnesses testified that in their opinion the plaintiff's property was depreciated in value by the grading done in front of it.

Charge of Court below.

Under the act of March 17, 1845, P. L. 184, all assessments of damages arising from the opening of public roads in Lehigh county are payable by the respective townships in which the roads are located.*

At the close of the testimony the court, ALBRIGHT, P. J., charged the jury :

It appears that there were proceedings in the Court of Quarter Sessions of this county to lay out a road in Salzburg township, and on September, 7, 1885, a report of viewers laying out such road was confirmed by that court, and no exceptions having been filed to the succeeding term, the report became absolute and the road became ordained, and the following year, probably in October or November, 1886, the road was opened by the supervisors. It was laid out, it appears, over what was before that time a way known as Seneca street. The location is on the outskirts of the borough of South Bethlehem, in Northampton county, but this road, of course, is in Lehigh county, being in Salzburg township. At the time the road was laid out and at the time it was opened and completed, Henry Wagner owned certain lots abutting on what was called Seneca street, and which afterwards became a public road. On one lot of forty feet there were two brick houses, and on the other there was a frame house. Then there was also a lot of forty feet. It appears that along his lots there was a cut made in the process of grading and leveling the street, and he alleges that owing to that cutting down of the street, he sustained damages. In other words, he says that afterwards his property was worth less than it was before.

There has been considerable discussion in your hearing as to whether the plaintiff could maintain this action. This is a suit brought by Mr. Wagner against the township of Salzburg, an action of case, and it is what lawyers term a common-law action. The contention on the part of the township is that the damages of Mr. Wagner, if he had any, should have been

* Special road laws in Lehigh county : Acts of March 7, 1840, P. L. 69; March 17, 1845, P. L. 184; April 12, 1851, P. L. 424; February 24, 1860, P. L. 76; April 14, 1868, P. L. 1127; April 12, 1869, P. L. 851; February 25, 1870, P. L. 241; May 13, 1871, P. L. 844.—Taken from note to North Lebanon Tp. Road, 3 Pa. C. C. R. 402.

Charge of Court below.

assessed in a different way; that they should have been as-
sessed by the viewers who laid out the road, or by some
other viewers appointed by the court, or that the case should
have come into this court in a different way.  At the time in
question there were certain acts of assembly, applying to this
county, in force, which regulate the laying out of public roads.
They provide, among other things, that the viewers who lay out
a public road should assess the damages.   This act of assembly
I am referring to was passed in 1860.   There is a general law
of 1874, running over the whole state, which also provides that
the viewers who lay out a road shall assess the damages of the
landowners, and the local act of assembly, to which I have re-
ferred, provides that any landowner who is dissatisfied with
the damages given to him by the viewers who lay out the road,
may, if he please, before the third day of the following term of
court, have a jury to assess his damages.   There was no objec-
tion by Mr. Wagner to the report of the viewers, and he did
not apply for the assessment of his damages within the time
limited by this local act of assembly.   The lots which he
owned are described in his deeds as being bounded by what
was known as Seneca street.

[The substance of what I have said in reference to this con-
tention and what I say at present is, that if the plaintiff has
suffered damages, he can recover them in this action.   It really
matters nothing to anybody whether the question of damages
is tried in this form of action, or had been tried in some other
way.   It is simply a matter of form, simply a technicality,
which if it were well taken and applied to the case would have
to be regarded by the court, but which really affects neither
Mr. Wagner nor the township of Salzburg.] [5]   While the law
provides that viewers appointed by the court shall assess the
damages of the landowner, and while the law was, formerly,
that that was the only way of assessing the damages of a man
who said he was injured by the laying out of a road, that law
has been changed, and the constitution of 1874 and the legis-
lation made afterwards provides that any man whose property
has been taken for a public road, or for any other public pur-
pose, may appeal to the Court of Common Pleas and have the
question of damages tried before a jury of twelve men, the
same as any other case is tried, and so may also the township,

### Charge of Court below.

or the party required to pay the damages, have their appeal. So, if Mr. Wagner's damages had been passed upon by the jury that laid out the road, and they had not given him as much as he wanted, he could have appealed to the Court of Common Pleas; and if too much had been awarded and the supervisors were not satisfied, they could have appealed, and if that had been done, then the case would be in the Court of Common Pleas to be tried before a jury of twelve men, such as you are, the same as if it had come in the other way. It would have come into this court on appeal from the Quarter Sessions, instead of having arisen in an action brought by the plaintiff against the township. So, if the plaintiff has shown any damages and he recovers, he will be no better off than he would have been if he had come into court on appeal; and the township will be no worse off than if the case had been brought in on appeal, either by the supervisors or by Mr. Wagner.

[As I said, the lots of Mr. Wagner are bounded by Seneca street, according to the terms of his deed. They do not run to the centre of Seneca street, and so, perhaps, in order to be strictly accurate, the court would have to say to you that the road was not laid out over Mr. Wagner's land.] [6] It was laid out adjoining his land, and the local act of assembly, to which I have referred, and the act of 1874, which provides for the assessment of damages by road viewers, provides that where the road has been laid out through the land of an individual, that the damages shall be assessed. Strictly speaking, it may be said that this road was not laid out through or over Mr. Wagner's land, and that therefore the act of assembly does not apply, and as the law formerly stood he would have had no remedy even although he had been injured; because, before the constitution of 1874 was adopted, no man could recover damages for the making of a road, or the building of a railroad, or anything of that kind, unless it took his land and came upon it. But the constitution of 1874 remedied that, and provided that any one whose land was taken, or was injured or destroyed, could recover damages. So, at this time, where a man's land is not taken by a public improvement, but owing to an embankment, or a cut, or anything else done near it, the property is damnified, he may recover damages; and so could Mr. Wagner recover damages here, even on the theory that the road

does not touch his land, providing his property was injured, and on that theory it could be said that the act of assembly which provides that road viewers must assess damages, does not apply, because that relates only to cases where the road is on a man's land.

[But on another theory, the plaintiff has a standing to maintain this action. According to the rule of the Court of Quarter Sessions it is necessary that viewers, to lay out a road, must give notice to the landowners of the time and place when the view will take place.] [7] The viewers in their report state that they had proof that notice was given to all the landowners, but they do not name them, and that perhaps would not be necessary. They further report that all persons owning land " through which the same passes, have released from all claims to damages which may arise to them respectively from the opening of said road. We do report the same to said court accordingly." By the release, which they returned with their report, as the law requires, it appears that the only party who released damages was Mr. Tinsley Jeter, who releases for himself and for Samuel R. Shapley and Chas. Hacker. So it was the duty of the viewers either to get releases from all the landowners or to value their damages, and report respecting them, whether they amount to anything or nothing, and they are entirely silent as to Henry Wagner's damages. So, according to the report itself, they did not pass upon the question of Henry Wagner's damages. In the draft of the road, where they give the owners of land along it, they have the name of William Wagner, apparently in the handwriting of the surveyor who drew the report, and in front of it, apparently in lead pencil, there is the name " Henry " written. So, in brief, according to this report of the viewers, they did not pass upon the question of Mr. Wagner's damages. If he had been notified, then it would have been his duty either to stand by the assessment of damages, if there had been any, or to appeal, and another law says that he must appeal within thirty days from the time the report is filed. But in the very nature of things, a man who has not notice of a proceeding cannot be affected by it, and where there is an act of assembly pointing out how a certain proceeding shall be had, and the man to be affected by it had not notice of the proceeding, then he is not bound by it.

Charge of Court below.

At least, that is true of road proceedings as they affect a land-owner. Consequently, Mr. Wagner was not bound to stand by that report, nor to appeal, nor to apply for a review of his damages. He was not made a party; and so, even upon the theory that this road passes over his land, that he had title to the middle of the street, he would not be concluded by the proceeding, but he can maintain this action, and if he has shown damages he can recover. . . . . .

The defendant has submitted points, which the court will answer:

1. The proceeding to obtain the public road being under the special act of assembly, entitled "An Act to amend the road laws and change the manner of assessing damages in open-ing public and private roads in the county of Lehigh," approved March 23, 1854, it was not necessary that personal notice of the time and place of meeting of the viewers should be given the plaintiff. The act required only three or more advertise-ments put up at least five days before the time of their meet-ing, in the most public places in the vicinity of the place to be viewed, of the time and place they will meet for the purpose of making such view.

Answer: The rule of the Quarter Sessions required notice to the landowner under said act, and that of 1874, relative to assessing road damages, requires releases or a passing upon the question of damages. As the viewers did not pass upon the plaintiff's claim, the point is negatived.[1]

2. The plaintiff not having presented a petition for the as-sessment of damages on the third day of the next stated term after the term to which the report was returned, he cannot now maintain an action therefor.

Answer: This is negatived.[2]

3. The act of June 13, 1874, giving plaintiff an appeal from the report of views to the Court of Common Pleas within thirty days after the filing of the report, not having been com-plied with by plaintiff, he cannot in this form of action recover damages in consequence of the opening of the road by the su-pervisors of the defendant under the order of the Court of Quarter Sessions of Lehigh county.

Answer: This is negatived.[3]

Arguments.

The jury rendered a verdict in favor of the plaintiff for $872. A rule for a new trial having been discharged, on condition that the plaintiff should remit all of the verdict in excess of $600, the plaintiff filed such a remittitur, when judgment for $600 was entered in his favor upon the verdict; whereupon the defendant took this appeal, assigning for error:

1–3. The answers to defendant's points.[1 to 3]

4. The admission of plaintiff's offer.[4]

5–7. The parts of the charge embraced in [ ] [5 to 7]

*Mr. Thomas B. Metzger* and *Mr. Edward Harvey* for the appellant:

1. As the deeds under which the plaintiff holds, describe his lots as bounded by Seneca street, and contain no reservation of the street, he has title to the middle of the street: Cox v. Freedley, 33 Pa. 124; Schenley v. Commonwealth, 36 Pa. 62; Transue v. Sell, 105 Pa. 604; Trutt v. Spotts, 87 Pa. 341; Paul v. Carver, 24. Pa. 207; Lehigh St., 81* Pa. 85; Pearl St., 111 Pa. 565. Therefore, in the laying out of this public road his land was taken, and, as a consequence, whatever damages accrued therefor were payable to him. What is his remedy? When a specific remedy is provided by statute it must be pursued. The act of March 23, 1854, P. L. 205, extended to Lehigh county by act of February 24, 1860, P. L. 76, provides a full and complete remedy for the assessment of damages upon the opening of roads in Lehigh county, by view and review in the same proceeding in which the road is laid out.

2. The report of the viewers who laid out this road, by which no damages were awarded to the plaintiff, is conclusive and cannot be questioned collaterally: West. Penn. R. Co. v. Allegheny, 2 W. N. 229; Millcreek Tp. v. Reed, 29 Pa. 195; Hunter's Road, 46 Pa. 250; Commonwealth v. Woods, 44 Pa. 113; Humphreys v. Woodstone, 48 N. J. L. 588; Pittsburgh v. Cluley, 74 Pa. 262; Fowler v. Jenkins, 28 Pa. 176; Wade on Notice, § 1088. How can this case be made an exception to the rule? It is said that the plaintiff had no personal notice of the road proceedings. But this was not necessary: Road in Sterrett Tp., 114 Pa. 627; Middle Creek Tp. Road, 9 Pa. 69; Notice given pursuant to a statute is equivalent to actual no-

Arguments.

tice: App v. Dreisbach, 2 R. 287; and the statute requires only public notice : Croll's App., 2 Penny. 245.

3. An objection that notice was not given according to the rules of the court, will not affect the validity and conclusiveness of the proceeding after a decree of confirmation : Pittsburgh v. Cluley, 74 Pa. 262. Moreover, this is not an action for damages exclusively consequential; there was a taking of the land of the plaintiff to which the change of grade was incidental, and the whole damage was assessable in one proceeding in the Quarter Sessions: Lewring St., 37 Leg. Int. 38. And, a township is not a municipal corporation within the act of June 13, 1874: Kittanning Academy v. Brown, 41 Pa. 272; Wharton v. School Directors, 42 Pa. 363; Commonwealth v. Beamish, 3 W. N. 111. It is not invested with the power of eminent domain, but it is the state that exercises this power in the laying out of roads : Freeze v. Columbia Co., 6 W. N. 145.

*Mr. Marcus C. L. Kline* for the appellee :

1. That a township is a municipal corporation within § 8, article XVI. of the constitution, providing that such corporations shall make compensation for property taken, injured or destroyed in the construction, etc., of their works, highways, etc., may be gathered from the opinions of this court in Hendrick's App., 103 Pa. 358, and Chester Co. v. Brower, 117 Pa. 647. The language of that clause is to be construed liberally : Leonard v. Commonwealth, 112 Pa. 607. Although, like counties, townships do not possess the power of eminent domain, in its general and enlarged sense, it is clear that they do possess it to a limited extent in the matter of opening roads.

2. The selling of lots by Jeter, describing them as bounded by Seneca street, is of itself sufficient evidence that it was dedicated to public use as a street: Schenley v. Commonwealth, 36 Pa. 62. It having been so dedicated long before the view, there could be no assessment of damages for the land appropriated in laying out this public road: Brooklyn St., 118 Pa. 640 ; Pearl St., 111 Pa. 565. The only compensation to which Wagner is entitled is for what are usually called consequential injuries. The viewers therefore had nothing to do with his damages : Delaware Co.'s App., 119 Pa. 159. His proper remedy to enforce his rights under the constitution was a

common-law action: Penna. R. Co. v. Duncan, 111 Pa. 352; Chester Co. v. Brower, 117 Pa. 647; Delaware Co.'s App., 119 Pa. 159.

3. Moreover, the road law applicable to Lehigh county, contained in § 12, act of March 2, 1854, P. L. 136, and §§ 2 to 6, act of March 23, 1854, P. L. 204, extended to that county by act of February 24, 1860, P. L. 76, is analagous to the general act of May 14, 1874, P. L. 164, and has no application to streets already located and plotted: Jackson Street, 83 Pa. 328; Magnolia Avenue, 117 Pa. 56. For this reason, also, the plaintiff's only remedy was by action of trespass. The report of viewers, however, had no validity as to Wagner, he having had no notice of the view: Neeld's Road, 1 Pa. 355; Boyer's Road, 37 Pa. 257; Road in Lancaster City, 68 Pa. 396; Central R. Co.'s App., 102 Pa. 38; Road in South Abington Tp., 109 Pa. 118. In the circumstances, the supervisors were trespassers in entering upon and injuring his land.

OPINION, MR. JUSTICE WILLIAMS:

The facts on which the legal question which controls this case is raised are very simple. The owner of a tract of farm land in Salzburg township laid it out in lots on both sides of a street which he opened and dedicated to the public. He sold these lots to purchasers by deeds, describing them as bounded upon this street, which he called Seneca street. Under these deeds, the purchasers took title to the middle of the street: Paul v. Carver, 24 Pa. 207. After some years, the owners, being desirous to have the road become a township road and pass under the care of the road officers, petitioned the court to locate a public road over the same ground. Viewers were appointed who laid out the road, and reported to the Court of Quarter Sessions that they had given five days' notice of the time and place of their meeting by hand bills put up in public places, and also personal notice to all persons through whose land the road passed, and that all claims for damages were released. This report was confirmed in 1886, and the supervisors proceeded to open and grade the road in September of that year. In opening the road, the supervisors attempted to keep the grade within five degrees, and in so doing made a shallow cut in front of one or more of the plaintiff's

lots. This action of trespass is brought to recover damages for the injury alleged to be done by the opening and working of this road.

But how can such an action be maintained? Roads are laid out under the authority of the commonwealth, and in the exercise of the right of eminent domain. Neither the commonwealth, nor the township or other municipal division through which the road passes, is liable to landowners for damages sustained by the exercise of this prerogative of the supreme power of the state, until made so by law: Feree v. Meily, 3 Y. 153. For this reason, if for no other, when a statute gives a specific remedy to the landowner, that remedy must be followed. The learned judge of the court below seemed to be of opinion that since the adoption of the present constitution this was not true, and referred to article XVI., § 8, which provides that "municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, or destroyed by the construction or enlargement of their works, highways, or improvements, which compensation shall be paid or secured before such taking, injury, or destruction."

But we do not think a township is such a corporation invested with the power of taking private property for public use as is within the purview of this constitutional provision. The township does not take the land for a highway. It does not lay out the road. The law imposes on it the duty of opening the road, and keeping it in repair, for the benefit of the traveling public; but the duties of the township do not begin until the road has been laid out by proceedings in the Court of Quarter Sessions. The right to sue cannot be rested, therefore, on the constitution. The duties of the townships and their officers, under the road laws, are very clearly laid down by the legislature. After the route of the road has been laid out by viewers, and their report approved by the court, an order to open the same for public use issues to the supervisors of the proper township. In the execution of this order they are protected by it. If they vary from the route, or do any unlawful act, they may be liable to the party injured as any other trespasser would be; but, so long as they keep within

the proper execution of the order, neither they, nor the township they represent, are liable to an action for what is lawfully done in obedience to it.

The learned judge was of opinion, also, that the plaintiff was not bound by the proceedings in the Quarter Sessions in this case, because it did not appear affirmatively that he had notice. But the duty of the viewers is to give public notice by posting the same in public places. They are not required to give personal notice to the lotholders along the route of the road. Their report shows, however, that they attempted to do so in this case, and they return that they gave public notice as required by law, and personal notice to the lotowners in addition. If for any reason one who wished to be heard by them failed to learn of the time and place of their meeting, he should have applied to the court at the earliest opportunity for a review, or taken exceptions to their report. If the fact of their meeting did not come to his knowledge until after a decree of confirmation had been made, he should have applied to the court to open the decree, and permit him to be heard. Failing to do this, he is concluded by the report and the decree thereon. The judgment is reversed for the reasons now given.

Judgment reversed.