# William W. Shoe, Appellant, *v.* Nether Providence Township.

*Road law—Township liability for damages for change of grade—Constitution of Pennsylvania.*

A township is not liable in damages to property owners along the line of a public road for change in the grade of the road for the improvement of public travel. At common law there could be no recovery for such an injury and none is given by art. XVI. sec. 8 of the constitution. A township is not such a corporation as falls within this clause of the constitution.

Argued Nov. 16, 1896. Appeal, No. 64, Nov. T., 1895, by plaintiff, from judgment of C. P. Delaware County, Dec. T.,

1894, No. 146, directing a nonsuit. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ., Affirmed.

Trespass for change of grade of road in township of Nether Providence, Delaware county.   Before CLAYTON, P. J.

The plaintiff made the following offer of evidence.

That the public road front of plaintiff's lands was laid out in 1855.

That in June, 1893, the township of Nether Providence changed the grade opposite plaintiff's lands by cutting down the public road, greatest depth about four feet, running down to nothing in a distance of two hundred and fifty feet.

That the lands are in a village and that the property is suitable for store and residence.

That the ingress and egress to plaintiff's land was made more difficult.

That the whole property was damaged by reason of the change of grade.

That the plaintiff purchased this property before the change of grade was made.

The court refused the plaintiff's offer and directed a nonsuit which it subsequently on motion refused to take off.

The court below filed the following opinion:

December 2, 1895.  The Court: This is an action for damages against a township for a change of grade in a public road. There seems to be no doubt but that the plaintiff has been seriously injured by the change in the grade of the road in front of his property.   It is not alleged that the act of the supervisor was wanton or malicious.   For such conduct under color of his office, he would be personally responsible.   The case is that of a change of grade for the purpose of making a better road. The question in the case is, whether the township is liable in damages to property owners along the line of a public road for a change in the grade of the road for the improvement of public travel?

At common law there could be no recovery for such an injury. The roads belong to the state and not to the township.   The burden of keeping them in repair is cast by the law upon the township.

The state's right of eminent domain is paramount to all other rights and all titles are held subject to it. If the plaintiff, therefore, has any remedy it must arise under the constitution of the state.

The plaintiff relies upon art. XVI. sec. 8 of the constitution of 1874, which reads as follows:

" Municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for the property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

This clause of our constitution has restricted or modified the common law powers of the state. It has been held that a county is such a corporation, but it has not yet been held that a township is such a corporation. A careful reading of the article of the constitution relied upon will clearly show that it cannot be classed as a corporation invested with the privilege of taking property for the construction of its works, highways or improvements. The highways are not its improvements or works; they belong to the state and all the interest of the township in them is the burden of keeping them in repair. It is only such municipal corporations as have control over their streets or highways, and can lay them out, vacate and improve them, such as boroughs and cities, that are included in this clause of the constitution.

It will be seen that the corporation must not only have the right to take the property of a private individual, but the property must be taken for the improvement or enlargement of the highways or works of the corporation taking the same. If the townships of the states owned the highways within their limits, and had the power to collect tolls, vacate, widen or enlarge them, they would be within the constitutional requirements and would have to pay or secure the amount of injury, etc.

The argumentum ad absurdum will make the case still more clear. If it should be decided that township supervisors cannot interfere with the grades of the county roads which they are required to keep in good traveling order, then, for every change in grade, though only an inch, they must adjust the damages before they do the work. If a freshet should fill a hollow or

140 SHOE, Appellant, *v.* NETHER PROVIDENCE TWP.

Opinion of Court below—Opinion of the Court. [3 Pa. Superior Ct.

wash down a hill, they could not repair the road without either lowering or filling it up to the old grade. In repairing the road every spring, they would have to employ a surveyor to locate its old grade lines and see that the repairs did not interfere with them. At the crossing of streams, or in hilly districts, it would be impossible for the supervisor to repair the road without interfering, more or less, with the old grade.

Again, while townships are, to a certain extent, corporations invested with the privilege of taking private property for public use, the use to which they put the property so taken is to the state and its citizens and not to the improvement or enlargement of the township's own works.

Again the law has already provided for a settlement of damages caused by taking private property for the repairs of a public road, and no new constitutional provision was necessary upon this subject. Damages for property taken for a public road are to be paid by the county. The constitutional provision, probably, only applies to corporations empowered to take land for public use. Supervisors have no such power. They may take stone, timber, soil, etc., in other words they may injure adjoining land, but they have no power to take land. The act of 1836 provides how the injury shall be compensated. We may also add that under the law, which required all roads to be kept at an easy grade of not more than five degrees, the original viewers to assess damage are supposed to award full damages for all future improvements in the grade.

For the reasons above given we are of opinion that the township is not liable for the injury complained of in this case.

*Error assigned* was refusal to hear plaintiff's offer and take off nonsuit.

*Isaac Johnson,* for appellant.

*E. H. Hall,* for appellee.

OPINION BY WICKHAM, J., December 7, 1896:

The only question presenting itself for decision in this case is whether a township is liable to adjoining property owners, under section 8 of article 16 of the constitution of 1874, for

injuries resulting from a change made by the supervisors in the grade of a county road.

The matter has been so fully and ably discussed in the opinion of the learned judge of the court below, that little remains to be said.

The constitutional provision, relied on by the plaintiff, reads as follows : " Municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for the property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

We are satisfied that townships are not within the meaning of this provision, and that they are liable only to the same extent that they were before the adoption of the constitution, unless some statute extends their liability.

The view here taken is sustained by the decision in Wagner v. Salzburg Township, 132 Pa. 636.

Judgment affirmed.