Opinion bt
Beaver, J.,
The appellant states the question here involved: “Is a township of the first class liable for damages to an abutting property occasioned by the change of grade of an existing highway within the limits of the township?”
Upon the trial of the case in the court below, the trial judge submitted certain questions of fact to the jury, the verdict being for the plaintiff. Upon a motion for a new trial or for judgment non obstante veredicto, the court entered judgment upon the whole record for the defendant n. o. v. The entry of this judgment constitutes the error assigned.
By the Act of April 28, 1899, P. L. 104, providing “ for the classification of the townships of the commonwealth, with respect to their population, into two classes, and to prescribe the form of government for .townships of each class,” it is enacted in section 3: “Except so far as modified by the provisions of this act, all existing laws relating to townships shall continue in force until changed, modified or repealed, as to either class of townships, by legislation relating expressly thereto.”
We find nothing in the act which changes the liability of a township of the first class as to the change of grade of an existing highway within the limits of a township from that which existed under the Act of June 13, 1836, P. L. 551, and the several supplements thereto.
The action here was trespass to recover damages for the change of grade complained of. There was no liability for *516 damages under the general road laws prior to the adoption of the constitution of 1873. Since that time, it has been expressly decided under Wagner v. Salzburg Twp., 132 Pa. 636, that “Neither the commonwealth nor any municipality through whose territory a public road passes is liable to landowners for damages sustained by them through the exercise of the state’s power of eminent domain in the laying out and opening of the road, until made so by legal enactment: Feree v. Meily, 3 Yeates, 153; and, when a statute gives to landowners a specific remedy for the recovery of such damages, that remedy must be pursued.”
“ A township charged by a local statute with the payment of damages arising from the opening of a public road, under order of the court of quarter sessions, is not a municipal corporation invested with the power of eminent domain within the purview of section 8, article 16 of the constitution, and it incurs no liability to an action of trespass by a landowner for the recovery of such damages.”
This view is later held in Shoe v. Nether Providence Twp., 3 Pa. Superior Ct. 137, and since the trial of this case in Snively v. Washington Twp., 218 Pa. 249.
The question is fully and forcibly argued in the opinion of the court below, upon which the judgment for the defendant, n. o. v., is based, which fully vindicates the conclusion at which the trial judge arrived. We concur with the views therein stated. No useful purpose will be served by a restatement of the arguments therein contained, nor a further citation of the authorities upon which they rest.
Upon the case as presented, we are clearly of the opinion that the township was not liable iti trespass, and that is the only question which it is necessary for us to decide at this time.
Judgment affirmed.'