## Woodward v. County of Fayette, Appellant.

*Roads—Opening roads — Townships — Townships of the second class—Damage to property owner—Liability of county—Act of June 13, 1836, P. L. 551—Act of May 28, 1913, P. L. 368.*

1. Where a road is laid out and opened in a township of the second class on petition of taxpayers in proceedings under the Act of June 13, 1836, P. L. 551, and its supplements, the county and not the township is liable for damages done to property through which the road passes.

2. In such case the Act of May 28, 1913, P. L. 368, relating to the assessment of damages for the opening of township and county roads does not apply.

Argued May 7, 1917. Appeal, No. 135, Jan. T., 1917, by defendant, from judgment of C. P. Fayette Co., June T., 1915, No. 115, on verdict for plaintiff in case of E. F. Woodward v. County of Fayette. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Framed issue to determine damages due plaintiff for opening of township road through the land of plaintiff.

The facts appear in the following opinion by Reppert, J.:

November 10, 1914, on petition of certain of the residents and taxpayers of Dunbar Township, viewers were appointed to lay out a public road between certain designated points in said township, and to vacate two roads which would be rendered useless by the recommending the opening and laying out of the road described in the certified copy of the record at No. 2, September Sessions, 1914, Road Docket, filed in this case. The proceedings were under the provisions of the Act of June 13, 1836, P. L. 551, and its supplements. As laid out and opened, the road passed through the lands of the plaintiff. The viewers assessed damages in his favor against the defend-

ant.   The amount being unsatisfactory Woodward appealed and an issue was framed in which he was plaintiff and the county defendant.   The trial of the case at the above number and term resulted in a verdict in his favor October 17, 1916, for the sum of $1,900.00, subject to the question of law reserved by the court whether the defendant is liable for the damages suffered by the plaintiff resulting from the laying out and opening of the road. The matter is now before us on a motion for judgment for the defendant non obstante veredicto, the following reasons being assigned in support thereof:

1.  Fayette County is not liable for the opening or vacating of a township road.

2.  The Act of June 13, 1836, P. L. 551, and its supplements, which provides that the damages for the opening and vacation of township roads shall be paid by the county, is repealed by the Act of May 28, 1913, P. L. 368.

Briefly, and so far as contended to be applicable to the facts of this case, the Act of 1913 provides in Section 1 that the right to damages against counties and township is given to all owners of land, through which pass roads, injured by laying out and opening said roads by said counties or townships; and Section 2 makes it the duty of juries of view "appointed or which shall hereafter be appointed under existing laws for assessing damages ......for taking......lands," to assess the damages provided for in Section 1 against said counties or townships.   So far as this act relates to damages for taking land for roads it simply means that when a township appropriates land for laying out a road, as a township of the first class may do, the landowner if he is injured has a right to damages against the township, and the damages must be assessed against the township; when the county lays out the road, the landowner has a right to damages against the county and the damages must be assessed against the county.

Dunbar Township is a township of the second class.

It has no authority to appropriate land for laying out roads.    It did not lay out the road in question.    The road was laid out by the county authorities by due process of law.    After the land was appropriated and the road laid out, it then became the duty of the township supervisors to open the road and keep it in repair for the use of the public.    But in opening the road they acted not of their own motion but by the direction and order of the same authority that appropriated the land and laid out the road, and in obeying the order they are also protected by the same authority.    The plaintiff had been deprived of his title and right of possession in the land so far as title and possession were required for the public use, and his damages had accrued, before the duties of the township began: Wagner v. Salzburg Township, 132 Pa. 636.

The county laid out the road, the plaintiff has a right to the damages he sustained thereby against the county, and the damages were properly assessed against the county.    A more elaborate discussion of this same question, reaching the same conclusion, may be found in the opinion of Judge HASSLER in Road in Fulton Township, 31 Lanc. Law Rev. 134.

Verdict for plaintiff for $1,900, and judgment thereon. Defendant appealed.

*Error assigned* was in overruling motion for judgment for defendant n. o. v.

*Linn V. Phillips,* County Solicitor, for appellant.

*D. W. Henderson,* for appellee.

PER CURIAM, May 22, 1917:
The judgment in this case is affirmed on the opinion of the court below directing it to be entered on the verdict.