## Wangner, Appellant, *v.* Bucks County.

*State highways — Construction — Damages — Appointment of viewers—Change of grade—Act of July 18, 1917, P. L. 1040—Act of July 6, 1921, P. L. 107.*

A petition to the court of quarter sessions for the appointment of viewers to assess damages to plaintiff's property, resulting from the construction of a state highway, will be stricken off, where it appeared that the damages were caused by the change of grade and not in the change of existing lines and location of the highway.

The act providing for a remedy for damages, sustained in the change of existing lines and location, gave no jurisdiction where the damages were caused by change of grade.

Argued November 19, 1923. Appeal, No. 279, Oct. T., 1923, by plaintiff, from judgment of Q. S. Bucks Co., making absolute rule to strike off appointment of viewers in the case of Oscar B. Wangner v. The County of Bucks. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition under the Act of July 18, 1917, P. L. 1040, for the appointment of viewers to assess damages. Before RYAN, P. J.

Rule to dismiss petition and strike off appointment of viewers.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*John L. DuBois,* for appellant.

*Henry A. James,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

The plaintiff presented his petition to the court of quarter sessions setting forth that he was the owner of premises along State Highway No. 178, and that in the construction of said route his driveway had been damaged, the front embankment left in a caved in condition, and other damage done to his premises. He asked that viewers be appointed under existing laws as provided by the Act of July 18, 1917, P. L. 1040. The court on September 13, 1920, appointed viewers. Subsequently, the county commissioners petitioned the court to dismiss the petition and revoke the appointment of viewers, which the court accordingly did. The court very properly held that the Act of 1917, supra, (since repealed and in substance reënacted by the Act of April 6, 1921, P. L. 107, section 16,) provided a remedy for damages sustained

by reason of a change in existing lines and location and there being no complaint of injury arising from such change the petitioner was not within the provisions of said act. The 16th section of the Act of May 31, 1911, P. L. 468, (the Sproul Act) provided, in identical words, for damages "wherein a change of existing lines and location is necessary" and this court and the Supreme Court have taken the view that these words do not refer to damages arising from a change of grade. There must be a change of existing lines; that is center or side lines, not grade lines, State Highway Route No. 72, 265 Pa. 369; 71 Pa. Superior Ct. 85. Although the commissioners were tardy in raising the objection, they, nevertheless, had the right to interpose it because whenever at any stage of the proceedings it developed that the petitioner was not covered by the act he had invoked, his suit had to fail. The court had no jurisdiction over damages such as he claimed.

The judgment is affirmed.