# Blainesburg-West Brownsville Road.

*Road law—Change of grade—Boroughs—Contracts between county and borough—Liability of borough—Jury of view—Acts of May 11, 1911, P. L. 244; May 31, 1911, P. L. 468; May 28, 1913, P. L. 368; April 14, 1915, P. L. 116; May 24, 1917, P. L. 291, and June 22, 1917, P. L. 627—Actions—Parties—Damages—Eminent domain.*

1. Damages for change of grade are consequential injuries and cannot be recovered against a municipality unless the right so to do is given by statute.

2. Unless a county has authority under some Act of Assembly to change the grade of a borough street, damages cannot be assessed against it in an eminent domain proceeding.

3. Under the Acts of April 14, 1915, P. L. 116; May 14, 1915, P. L. 312, and June 22, 1917, P. L. 627, the authority to change the grade of a borough highway is in the borough, and the borough is liable for damages caused by a change of grade of such highway.

4. Where a borough under the Act of May 24, 1917, P. L. 291, enters into a contract with county commissioners by which the latter are to construct an improved highway, which involves a change of grade of a borough street, the borough, and not the county, is liable to property owners for damages resulting from a change of grade of the borough street.

5. Where, in such case, an award is made by a jury of view against the county alone, and an appeal from the award is made by the county, the landowner cannot, in his statement of claim, in the common pleas, name the borough as a party defendant. The borough is entitled to present its case before a jury of view.

6. The Act of May 28, 1913, P. L. 368, does not confer on landowners the right to recover damages against counties, it merely confirms liability already existing.

Argued March 20, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 36, March T., 1928, by Carrie Hommel et al., landowners, from order of C. P. Washington Co., Feb. T., 1927, No. 15, setting aside viewers' report, in

case of improvement of county highway known as Blainesburg-West Brownsville Road. Affirmed.

Rule to set aside award of jury of view and to strike the borough's name from the record. Before CUMMINS, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Carrie Hommel et al., land owners, appealed.

*Error assigned,* inter alia, was order, quoting record.

*A. L. Zeman,* with him *C. L. V. Anderson, for appellants.*—Whether the contract between the Borough of West Brownsville and the County of Washington was made exclusively under the Act of May 24, 1917, or whether it was made under the authority conferred by the Borough Code, or the Act of April 14, 1915, P. L. 116, yet the provisions of the Sproul Road Act of 1911 applied, and the streets in the Borough of West Brownsville in front of plaintiffs' property, improved by the County of Washington, became, after such improvement, public highways of the county, and under the act all damages and cost of construction were to be paid by the County of Washington.

*Norman E. Clark,* for appellee, County of Washington, cited: Western Penna. R. R. v. Johnston, 59 Pa. 290; Underwood v. R. R., 255 Pa. 553; Jefferson County v. Rose Twp., 283 Pa. 126; Garr v. Fuls, 286 Pa. 137; Fetherolf's Petition, 84 Pa. Superior Ct. 514; McCall v. R. R., 71 Pa. Superior Ct. 508.

*Eugene C. Sloan,* for appellee, Borough of Brownsville.

OPINION BY MR. JUSTICE SCHAFFER, May 7, 1928:

As a result of action taken by its council, the Borough of West Brownsville in Washington County made ap-

plication to the commissioners of that county for county aid in the improvement of a highway running through the borough under the provisions of the Act approved May 24, 1917, P. L. 291, which permits borough authorities to enter into contracts with county commissioners for the construction by the latter of improved highways, the expense thereof to be borne jointly by the borough and county in agreed upon proportions. The resolution of the borough council bound the municipality to pay one-half of the total expense of the road after presentation of each monthly estimate, to provide the necessary right of way free of cost to the county and to "protect the county from all damages arising out of the construction of this highway." The county built the road and in its construction the grade of the highway in front of appellants' property was changed. No part of their land was taken. After the completion of the work, the court, upon appellants' petition, appointed viewers to fix the damages due to them by the county and damages were assessed against it in the sum of $3,750. The county appealed from the assessment, and appellants, in accordance with the rules of court in Washington County, filed a statement in which they named as defendant not only the county but the borough as well and claimed damages from both. Rules were thereupon taken by the borough and the county, the outcome of which was that the viewers' report fixing damages against the county was set aside without prejudice to plaintiffs' rights to proceed by jury of view against the borough, and the borough's name as a party defendant in the pending proceeding was stricken from the record.

This appeal is by Carrie Hommel and Elson Hommel, the landowners, and the question raised is whether the county, the borough or both or neither were liable for the damage due to the change of grade of the road.

The Act of May 24, 1917, under which the building of the road in question was initiated by the borough,

provides not only for the division of the cost of construction by agreement between the county and the borough, but also, in section 2, for payment of the cost of construction by the county, which shall be reimbursed by the borough, "upon presentation from time to time, of estimates and bills for work already performed and paid for." The act does not in any way grant the power of eminent domain to the county or authorize it in its own right to change the grades of borough streets. It is a supplement to the County Road Act of May 11, 1911, P. L. 244, entitled "An act providing for the original location, laying out and construction of public roads or highways in the several counties of this Commonwealth, and for the permanent improvement of certain public roads or highways therein; making such originally constructed or improved roads and highways county roads,......prescribing a method for improving a county road lying within or traversing a borough, and apportioning the cost of such improvement......." Nothing is said in the title about changing the grade of highways.

The Act of 1911 confers broad powers upon counties to provide public roads (it was really a companion piece of legislation to the Sproul State Highway Act of May 31, 1911, P. L. 468, passed at the same session), giving them power not only to originally locate and construct county highways but also to take exclusive control of and improve any public road or highway or section thereof within their limits. They were authorized to locate, lay out and establish, and also to relocate, straighten, widen, extend, alter and open public roads, to improve and vacate them; and any road or highway as established, altered, constructed and improved under the provisions of the act, is forever thereafter to be a county road and the duty of maintaining the same is made to devolve upon the county, which is required to pay the expense thereof. It is noteworthy that nothing is said about changing grades in boroughs. When the

act comes to deal with the situation in boroughs, it provides (section 18) that where a portion of a highway constructed shall lie within the limits of or traverse any borough, and where the failure of the borough to improve the highway within its limits would leave a break or unimproved section in a continuous highway, it shall be lawful for the councils of the borough to enter into an agreement with the county commissioners to improve the road through the borough, the borough to pay a certain proportion of the cost and the county the remainder. After the highway is constructed, it is made the duty of the county to keep it in repair, with the right reserved to the borough to police it. Otherwise the roads are to be deemed county roads.

The 18th section of the Act of May 11, 1911, P. L. 244, was amended by the Act of May 20, 1913, P. L. 273, and was further amended by the Act of April 14, 1915, P. L. 116. The Borough Code of May 14, 1915, P. L. 312, repeals the 18th section of the Act of 1911 and also repeals the amending Act of May 20, 1913, P. L. 273, but does not expressly repeal the Act of April 14, 1915. The Borough Code, p. 355, chap. VI, art. VII, sections 25, 26 and 27, contains provisions similar to those in the original section 18 of the Act of May 11, 1911, P. L. 244. Then follows the supplementary Act of May 24, 1917, P. L. 291, under which the agreement in this case between the county and the borough was entered into and the work done. We conclude that while this series of amendments and repeals leaves the legislation in a very muddled and unsatisfactory shape (worthy of the attention of the Legislative Reference Bureau) they do not affect the determination which we have reached.

Unless the county has authority under some Act of Assembly to change the grade of a borough street, damages cannot be assessed against it in an eminent domain proceeding: Jamison v. Cumberland Co., 48 Pa. Superior Ct. 32, affirmed 234 Pa. 621.

The authority to change the grade of the borough highway was in the borough. Article 1, section 2, ch. V, of the General Borough Code (Act May 14, 1915, P. L. 312) provides that boroughs shall have the power "To regulate the roads, streets......and the heights, grades......thereof." Boroughs are made liable for damages caused by change of grade by the Act of June 22, 1917, P. L. 627. In addition to this, the Act of April 14, 1915, P. L. 116, which is also an amendment to the County Road Act of May 11, 1911, provides that when municipal streets are improved by the county in pursuance of a contract with a borough and special benefits result to abutting property, the municipality shall collect such benefits and shall apply the amount thereof to its share of the cost of the improvement. This gives strength to the conclusion that the legislative purpose was to leave the general situation so far as borough highways are concerned in the borough's hands save only in those respects in which the county road act specifically removed them from borough control.

Damages for change of grade are consequential injuries and they cannot be recovered against a municipality unless the right so to do is given by statute: Shoe v. Nether Providence Township, 3 Pa. Superior Ct. 137; Wangner v. Bucks County, 82 Pa. Superior Ct. 448; Wagner v. Salzburg Township, 132 Pa. 636; Jackman v. Rosenbaum Co., 263 Pa. 158, 168; State Highway Route No. 72, 265 Pa. 369; Herrington's Petition, 266 Pa. 88; Hoffer v. Reading Co., 287 Pa. 120. No statute gives the right to recover such damages from a county where the road is in a borough, whereas the Borough Code and the Act of June 22, 1917, do confer the right of recovery against such municipalities.

In principle this case is ruled by Fetherolf's Petition, 84 Pa. Superior Ct. 514, where it was determined that the secretary of highways has no authority under the Sproul Act to change the lines or location of a public road or street within the limits of a borough, that such change

can legally be made only by the proper action of the borough authorities, that the borough's control over its streets remains unaffected except as the authority is specially committed to the secretary of highways of improving and maintaining them, and it was there held that where an improvement is undertaken with the approval of the borough the remedy of the landowner is against the borough.

By entering into the compact with the county to improve the highway, the borough did not surrender any of its powers, nor did it escape any of its liabilities. While strictly speaking the county was not its agent for the performance of the work, yet in certain aspects so far as the borough was concerned the county was just like any other contractor that the borough might have employed to improve the road. The borough had the power to change the grade and, the grade having been changed in pursuance of its contract with the county, the borough must respond for the damages which resulted from its action just as it would have to respond if it had performed the act through any other agency. The county is not liable for the damage because it had no authority in its own right to change the grade; and, as it had no authority to make the change, it could not be subjected to the proceeding which was here invoked to assess damages against it as though it had exercised the power of eminent domain. What the county did was done in pursuance of the agreement between it and the borough; the latter could not divest itself of responsibility to the landowners by entering into such a compact with the county. Otherwise the landowners would be in a situation where they could not recover damages although the work was done in pursuance of borough authority. The county could lawfully do the work only because it acted under the cover of the powers which the borough possessed; being the hand of the borough in exercising these powers the borough must respond for what was accomplished

and meet the demands of the landowners to have their damages assessed in an appropriate proceeding brought against it, which of course would be by the orderly method of a jury of view.

It is argued by appellants that the Act of May 28, 1913, P. L. 368, confers upon them the right to recover damages against the county. We cannot so construe the act. It confers upon owners or tenants of land, property or material, abutting on, or through which pass roads, streets, lanes, or alleys, injured by their laying out, opening, widening, vacating, extending or grading by cities, counties, boroughs or townships, the right to recover damages, but this means against those who are liable for the damage; in other words, this act does not create liability but confirms liability already existing: Woodward v. Fayette Co., 258 Pa. 375.

While the remedy of appellants for the damage done them is against the borough, the latter could not be brought into the proceeding in the way attempted by adding its name as a party defendant in the statement of claim. It must have the chance to present its case before a jury of view.

The decree of the court below is affirmed, the costs to be paid by appellants.