# Falkner v. Winfield Township.

*John B.* and *T. H. Greer,* for plaintiff; *J. M. Galbreath,* for defendant.

HENNINGER, P. J., July 12, 1928.—Defendant is a township of the second class. Plaintiff is the owner of property in defendant township abutting upon a public road known as the Saxonburg and West Winfield Road. The State Highway Department improved the said road under the State-aid plan, the State paying 50 per cent., the County of Butler 25 per cent. and Winfield Township 25 per cent. of the cost of improvement. In the making of the improvement, the grade and location of the said road in front of plaintiff's property was changed and some of plaintiff's land taken for road purposes. The resulting damage is agreed by the parties to be $500. Plaintiff brought this suit to recover the damages, and the parties have agreed that if the defendant township is liable for the damages so sustained by plaintiff in this or any other action, judgment should be entered in favor of plaintiff and against the defendant for $500; but if there is no liability on the part of the township for the said damages, then judgment to be entered in favor of defendant and against the plaintiff for costs of suit. No proceeding was instituted in the Court of Quarter Sessions to change the location of the said road, nor was there any action taken by the supervisors of defendant township changing it. The petition for viewers sets out that the road was improved by the State of Pennsylvania, and we presume that whatever change in location was made was made by the State. Damages for the change of grade of a road in a township of the second class are not recoverable from either the township, county or State unless imposed by an act of assembly: Shoe *v.* Nether Providence Township, 3 Pa. Superior Ct. 137; Wagner *v.* Salzburg Township, 132 Pa. 636; State Highway Route No. 72, 265 Pa. 369; Hoffer *v.* Reading Co., 287 Pa. 120; Wangner *v.* Bucks County, 82 Pa. Superior Ct. 448.

The roads belong to the State of Pennsylvania. The duty of repairing them has been placed upon the townships. Where a road is laid out by the State or by its authority, no damages for the land taken may be recovered unless imposed by an act of assembly. When the State parted with the land, 6 per cent. was allowed for roads, and when the State takes land for road purposes, it is presumed to be but using its own property. Damages, therefore, are a matter of grace, and whoever lays claim to damages must be able to point to the act of assembly authorizing them in all cases where the land is regularly and legally appropriated by the State or its authority. There is no act of assembly placing the costs of the relocation of a public road on second class townships. The Act of Assembly approved May 28, 1913, P. L. 368,

does not impose liability on second class townships: Woodward *v.* Fayette County, 258 Pa. 375. Moreover, the said act is not in force. It was repealed by the act known as the Township Code, approved July 14, 1917, P. L. 840. Its provisions were re-enacted by section 485, but only as to first class townships. Section 640 of said act provides that roads in second class townships are to be laid out, located, changed and widened, and the damages resulting therefrom paid under the provisions of the general road laws, and under the provisions of the General Road Law, to wit, the Act of June 13, 1836, P. L. 551, and its supplements and amendments, it places the costs of laying out, relocating and widening public roads on the county through the board of viewers. Second class townships have not now, nor ever have had, the right of eminent domain in the laying out, widening or changing the locations of roads. Where a road is laid out in a second class township or its location changed by viewers on petition to the Court of Quarter Sessions, the damages are payable by the county and not by the township. Where a road is laid out by the State or its location changed by the State, no damages can be recovered in any event, unless an act of assembly has imposed them upon the township, the county or the State, and there is no act imposing them on the township. If the township supervisors had the supervision of the improvement in this case and caused the change in the location, we are still of the opinion that the township would not be liable, because, in doing so, they would be acting beyond their powers—as a township of the second class has no power to condemn and lay out a public road. It cannot accomplish the same purpose by trespassing, and if its supervisors trespassed, they alone are liable and not the township. Where a road is properly and legally laid out and the supervisors ordered to open it and, in opening it on the proper location, they injured adjacent property, an action of trespass would lie for the damages, because such a trespass would be incidental to the construction of the road, but where supervisors in townships of the second class change the location of a road, either by adding to its width or relocating it, their actions are *ultra vires* so far as the township is concerned and imposes no obligation upon the township. Where a municipal corporation is invested with the power of eminent domain and, instead of exercising such power in the manner prescribed by law, it appropriates the land by trespass, it will be liable in an action in trespass (Brink *v.* Dunmore, 174 Pa. 395; Reap *v.* Scranton, 7 Pa. Superior Ct. 32), but not so where a municipal corporation is not endowed with the power of eminent domain. To create such liability, the power to change the location must be within the corporate powers of the township. A municipal corporation cannot impliedly be liable to a greater extent than it could make itself liable by express corporate action: Dillon on Municipal Corporations (4th ed.), § 968; McQuillin on Municipal Corporations, §§ 26-37; Betham *v.* Philadelphia, 196 Pa. 302; Cavanagh *v.* Boston, 139 Mass. 426; Stealey *v.* Kansas City, 179 Mo. 400; Barger *v.* Hickory, 130 N. C. 550; O'Donnell *v.* Syracuse, 184 N. Y. 1.

Upon a careful consideration of the law bearing upon the liability of second class townships, we have come to the conclusion that defendant township is not liable for the damage caused by either the change of the grade or the relocation of the public road: First, because there is no act of assembly imposing such; second, because it did not actually do the work and trespass upon plaintiff's land; third, because it had no power to change the location of the road, and any act of changing it by the supervisors would make them, and not the township, liable as trespassers.