Hughes et ux., Appellants, *v.* Elizabeth Borough.

Argued October 16, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George W. West,* for appellant.

*Joseph L. Best,* of *Seif, Evashwick & Best,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1941:

Plaintiffs, owners of a property fronting on Third Street in the Borough of Elizabeth, Allegheny County, brought an action of trespass to recover consequential damages for injury to their property resulting from a change in the grade of the street.

The evidence shows that, without previous authority from the Borough of Elizabeth, Allegheny County in July of 1931 resurfaced Third Street by applying a top coating over the brick paving, raising the grade of the street approximately six inches in front of plaintiffs' property and causing the surface waters to flow on their land and into the cellar of their building. At the conclusion of plaintiffs' evidence the court below granted defendant's motion for a compulsory non-suit, holding that plantiffs' remedy, if any, was not in an action of trespass as they did not aver or prove negligence; that whatever damages may have been sustained from the change of the grade were consequential as there was no actual taking of property as contemplated under Article I, Section 10 of the Constitution; and if the plaintiffs were entitled to recover it was under a proceeding before viewers, citing *Blainesburg-West Brownsville Road,* 293 Pa. 173, 178, 142 A. 319, and *McGarrity, Admr. v. Commonwealth,* 311 Pa. 436, 438, 166 A. 895.

The principal contention before us is the form of the remedy to obtain redress, if such right exists. Article I, Section 10 of our Constitution applies only to the actual taking of the land. It makes no reference whatever to, and does not contemplate, consequential damages resulting from property being injured. One claiming that the Commonwealth is liable for damages for property injured or destroyed, as in the McGarrity

case, must show that the legislature imposed that liability on the Commonwealth. Cases where compensation has been denied to those claiming liability on the Commonwealth have no application to cases involving the liability of a municipal corporation under Article XVI, Section 8 of our Constitution.

This action is against a *municipal* corporation. The plaintiffs' claim for consequential damages sustained was not as the result of a tort in the true sense of the word, because it is not based on negligence but for property injured. It rests on the liability of the defendant under Article XVI, Section 8 of the Pennsylvania Constitution of 1874, and appropriate legislation to which we will later refer. See *Annie E. Stork v. City of Philadelphia,* 195 Pa. 101, 105, 45 A. 678; *Soldiers & Sailors Memorial Bridge Case,* 308 Pa. 487, 162 A. 309; and *Locust Street Subway Construction,* 117 Pa. Superior Ct. 86, 177 A. 599 (reversed on other grounds, 319 Pa. 161, 179 A. 741).

In the recently decided case of *Heil v. Allegheny County,* 330 Pa. 449, 199 A. 341, Mr. Justice STERN stated pp. 452, 453: "While, under Article I, section 10, of the Constitution, the Commonwealth may not *take* private property without making just compensation, it does not come within the mandate of Article XVI, section 8, which provides that municipal and other corporations and individuals, in their exercise of the power of eminent domain, must make just compensation for property taken, *injured* or destroyed,—a provision which fastens upon them liability for consequential damages."

This court, speaking through our present President Judge KELLER in the Locust Street Subway Construction case, supra, also clearly sets forth the distinction between the liability of the *Commonwealth* for consequential damages, and that of *municipal* or private corporations under Article XVI, Section 8.

The present General Borough Act of May 4, 1927,

P. L. 519, Article XV, Section 1501, 53 PS §13511, supersedes and is similar to previous acts, and specifically imposes upon municipalities a liability for damages for consequential injury to property resulting, inter alia, from a change of grade.

In the ordinary case where the borough, by some official action on its part, inflicts an injury, consequential in nature, upon private property in the exercise of its powers, the property owner's remedy under our statutes is to have a jury of view appointed and not by instituting an action of trespass: *White v. Borough of McKeesport*, 101 Pa. 394, 400; *Robinson v. Norwood Borough*, 215 Pa. 375, 64 A. 539; *Deer v. Sheraden Borough*, 220 Pa. 307, 69 A. 814; *Kunkle v. Ford City Borough*, 305 Pa. 416, 158 A. 159.

There is no question that had the borough passed an ordinance for the change of the grade of the street in front of the property of appellants and had the work done by the County of Allegheny, the borough would have to respond for any damages caused thereby. In that event the county, like any other contractor, would have been the agent of the borough. May the borough, by failing to take any municipal action, stand idly by, permit Allegheny County to do the work on its street, and escape liability in an action of trespass? We think not. It will not do to say the borough did not have knowledge and approve of the work done on its street. Mr. Hughes testified that he complained to the borough concerning the condition that existed in front of his property and thereafter it, in recognition of its obligation, dug a trench along the curb of the street in an unsuccessful effort to correct the flow of the water on his premises caused by the change of grade; and that after a heavy rain the street commissioner hauled two truck loads of debris which had washed on his property. The county had no authority of its own right to change the grade and it cannot be held liable for damages: *Blainesburg-West Brownsville Road*, supra. The au-

thority over, and control of, the streets lie solely in the borough and it cannot divest itself of that responsibility. As the borough took no official action to resurface the street, and provide for the payment of damages to abutting property owners for any injury they sustained, there existed no facts upon which to base an application for appointment of viewers.

It would seem unjust that the plaintiff should be deprived of a remedy and the borough escape liability by its failure to follow proper legal formalities, allow the county to do the work on the street, and receive the benefit thereof. In *Blainesburg-West Brownsville Road,* supra, the county changed the grade of a borough street under a contract with the borough, whereby the latter agreed to pay one-half the damages resulting therefrom. The Supreme Court held that the borough did not thereby surrender any of its powers nor did it escape any liability, and it must respond to the abutting property owners for damages.

We held in *Hirsh v. Patrick McGovern, Inc.,* 100 Pa. Superior Ct. 1, 5, that in a municipal improvement, where damage results therefrom by the non-negligent performance of the work by the municipality or its contractor, and there is no legislation providing for the appointment of viewers with power to award just compensation, the property owner may enforce his right against the municipality by an action in the nature of trespass on the case. We stated in *Shobert v. Bloomsburg et al.,* 74 Pa. Superior Ct. 246, 249, that if no appropriate method has been provided by statute, by which a property owner may proceed to have his damages determined for property injured, his rights may be enforced in an action of trespass.

For the reasons stated we are all of the opinion the remedy resorted to by the plaintiff to seek redress was proper.

The judgment of the court below is reversed with a procedendo.