# Township of East Union *versus* Comrey.

1. Where an Act of Assembly appoints commissioners to view, lay out and open a certain said road, making it their duty, after preparing surveys and drafts of said road and filing the same in the Quarter Sessions, to award contracts for making and opening the road aforesaid, the obtaining of the right of way from the owners of the various lands through which said road is to pass, is not a necessary pre-requisite to the awarding of the contracts for the construction of the same.

2. An Act of Assembly directing the laying out and opening of a public road is not unconstitutional, because it makes no provision for the payment of damages resulting from the taking of the land necessary for the use of the road. The six per cent. allowance for roads embraced in all the original grants from the proprietaries or the commonwealth, makes a claim for compensation in such case a matter of grace on the part of the Legislature, and not of constitutional right.

3. Where a special Act of Assembly directing the laying out and opening of a road, makes no specific provision for compensation to the owners of land through which the road is to pass, the provisions of the Act of June 13th 1836, sections 7, 8 and 9, Pamph. L. 556, as extended by the Act of May 29th 1840, Pamph. L. 752, furnish an adequate method for the recovery of such damages.

4. Where, by a special Act of Assemby, commissioners are clothed with power, not only to survey and lay out a highway, but also to open and construct it, the power upon their part to prescribe its width is necessarily implied.

[Township of East Union v. Comrey.]

5. Where said special Act of Assembly authorizes the commissioners to draw their warrants in favor of the contractors upon the treasurers of the various townships through which said road may pass, it is sufficient for the contractors, before bringing suit on said warrants, to present them to the various township treasurers. They need not present them to the supervisors of roads, or give any notice thereof to said supervisors.

6. Where, in such case, payment is refused, and the contractor brings suit against any township upon his warrant, it is immaterial that a portion of the road in another county has not been completed, provided that the part in the township in question has been completed.

7. All mere technical defects in a declaration, which might have been reached by demurrer, are cured by a trial and verdict on the merits.

April 17th 1882.    Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    MERCUR, J., absent.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1881, No 260.

Assumpsit, by Andrew Comrey, to the use of James Ryon, against the Township of East Union, to recover the amount of two orders or warrants issued by Wm. H. Barlow and others, commissioners as hereinafter mentioned, to lay out and open a state road, drawn on the township of East Union, payment of which was refused by the treasurer of said township. Pleas, non-assumpsit, set off, payment, payment with leave, &c.

On the trial, before WALKER, J., the following facts appeared :—By a special Act of Assembly, approved April 7th 1873 (P. L. 541), William H. Barlow and two others were appointed commissioners to view, lay out and open a road leading from Mahanoy City, in Schuylkill county, to a point in the road at or near the junction of Black and Nescopeek creeks, in Luzerne county. It was made their duty, after preparing surveys and drafts of the proposed route, and filing the same in the quarter sessions of the several counties through which the road should pass, to give public notice of the receipt of proposals for the opening and making of said road, said proposals to embrace either the whole or certain portions of said road, and to award the contract for making and opening said road, either in whole or in portions, to the lowest and best bidder ; and in the event of the lowest bidder failing to file a required bond, then to allot said contract to the next highest bidder, &c.

The Act further provided as follows :

" Section 4. The said commissioners are hereby authorized and empowered to draw warrants, in favor of the contractor or contractors, on the treasurers of the several townships through which said road shall pass, for such sum as may be necessary to build or construct so much of said road as the relative length in such township may be to the entire length thereof ; and the several townships through which said road shall pass are hereby

[Township of East Union *v.* Comrey.]

authorized and empowered to levy and collect a special tax not exceeding two mills in any one year on the assessed valuation of such township ; said tax shall be levied and collected at the same time and in like manner as other county and township rates and levies are made and collected ; said tax so collected shall be applied only to the payment of the warrants hereinbefore mentioned.

" Section 8. The damage occasioned by reason of said road shall be assessed under the provisions of the Act of January twenty-sixth, one thousand eight hundred and forty-nine, entitled, ' An act regulating turnpike and plank road companies.' "

The commissioners in pursuance of the act, after due notice, let contracts for making the road in sections. The lowest bidder for the section in East Union township failed to give the required bond, whereupon the commissioners awarded the contract therefor to Andrew Comrey, who was the next lowest bidder, and who gave the necessary bond.

The plaintiff substantially completed his contract, and the commissioners issued to him the orders or warrants in suit, which he presented to the treasurer of said township, payment of which was refused. He thereupon assigned said warrants to the use of plaintiff, and this suit was brought.

The defendants, in numerous points, requested the court to charge that the plaintiff could not recover, because the said Act of April 7th 1873, was unconstitutional, no adequate provision being made therein for the payment of damages for land taken in the construction of the road ; because the contracts were awarded by the commissioners without having obtained a right of way for the whole road, from the owners of improved lands taken ; because the whole road was not completed and opened at the time this suit was brought ; because the said act did not fix the width of the road, nor authorize the commissioners to fix it, and it was never fixed by the court of quarter sessions ; because no demand for payment of said warrants was made upon the supervisors of said township ; because the declaration did not sufficiently set forth a compliance with the requirements of said Act of April 7th 1873.

The court refused to charge as requested, and submitted the case to the jury in an elaborate charge, reserving, inter alia, the points as to the constitutionality of the act in question, and whether a demand on the supervisors was a prerequisite to the action.

Verdict for plaintiff for $941.50. The court afterwards entered judgment on the verdict and points reserved, whereupon the defendant took this writ of error, assigning for error the

refusal of the court to affirm its points, and the entry of judgment on the verdict and points reserved.

*F. W. Bechtel* and *S. K. Kaercher* (with them *D. B. Green* and *F. A. Mortimer*), for the plaintiff in error.—A demand should have been made on the township supervisors, and time have been allowed them to levy a tax. The treasurer had no authority to appropriate to the payment of the warrants of the commissioners any money other than from the fund to be thus raised : East Union Township *v.* Ryan, 5 Norris 463. This suit was improperly brought on two warrants issued to Comrey for a portion only of the work on his contract. The contract was an entire one, and his assignee cannot split it up, so as to recover on partial warrants : Shaw *v.* Lewistown Turnpike Co., 2 P. & W. 454 ; Lucesco Oil Co. *v.* Brewer, 16 P. F. S. 351 ; Quigley *v.* De Haas, 1 Norris 273 ; Ingraham *v.* Hall, 11 S. & R. 77. No action lies upon such a warrant ; the suit must be on the original claim : Allison *v.* Juniata Co., 14 Wr. 351.

*James B. Reilly* and *John W. Ryon* (*James F. Grady* with them), for the defendant in error.

Mr. Justice Gordon delivered the opinion of the court, May 1st 1882.

The jury, which was empaneled to pass upon the facts of this case, under a fair and careful charge of the court below, found that the commissioners, appointed by the Act of the 7th of April 1873, to lay out and construct the state road therein described, in all substantial particulars performed their duties as by said act directed ; that the plaintiff, Andrew Comrey, to whom the contract was awarded for the building of that part of the road lying in East Union township, Schuylkill county, executed his contract faithfully and well, and in such a manner as to entitle him to the orders now in suit. This really comprehends the sum total of the case. There are some technical exceptions which we will endeavor to discuss as well as we can ; there are also many comments upon the facts of the case of which we can take no notice, since these belong to the province of a jury, and not of a court.

The first assignment of error raises a question as to the constitutionality of the Act of 1873, in that it makes no adequate provision for the payment of damages to the owners whose lands were to be occupied by the road. Then follow six other assignments which complain of the court for its refusal to charge the jury, that it was the duty of the commissioners, before building the road, to obtain from the owners of lands, through

[Township of East Union *v.* Comrey.]

which it was to pass, the right of way. But, having carefully examined the act, I find no such duty imposed upon the commissioners; the performance of an act of that kind was not, therefore, a prerequisite to the letting of the road, hence the court did no wrong in ruling as it did.

But it is said, on the first assignment, that, whilst the Act of 1873 provides for the assessment of damages by a reference to the act regulating turnpike and plank road companies, of the 26th of January, 1849, it does not provide for their payment. This is true, for though the supplement to that act, approved April 7th 1849, does provide for payment, yet as the whole act is limited to plank road and turnpike companies, it cannot, in this particular, be applied to a township or county, and it, therefore, follows, that the Act of 1873 does, in fact, make no provision for the payment of damages resulting from the taking of the land necessary for the use of the road. But it does not follow that the act is therefore unconstitutional. As early as 1802, it was said by Mr. Chief Justice SHIPPEN, in the case of McClenachan *v.* Curwen, 3 Yeates 363, " We cannot therefore consider the legislature's applying a certain portion of every man's land for the purpose of laying out public roads and highways, without compensation, as an infringement of the constitution ; such compensation having been originally made in each purchaser's original grant."

In like manner, Mr. Chief Justice BLACK held, in the Plank Road Co. *v.* Thomas, 8 Har. 91, that where buildings or other valuable improvements are destroyed, in the making of a new road, the right of compensation is guarantied by the constitution, but that there is no right of compensation for mere land so taken, unless directly authorized by statute. The same doctrine is repeated by Mr. Justice STRONG, in Workman *v.* Mifflin, 6 Ca. 370. From these authorities it is obvious that the defendant's exception is not well taken, forasmuch as this claim of compensation for persons unknown, and who are making no complaint, is a matter of grace on part of the legislature, and not a constitutional right. Beside this, the Act of 29th of May 1840, in express terms, extends the seventh, eighth and ninth sections of the Act of 15th of June 1836, to all claims for damages resulting from the opening of roads under the provisions of any special Act of Assembly, where the same is not otherwise provided for. But even this act was said, in the case of Sharett's road, 8 Barr 89, to have been passed ex majore cautela, for that, without this provision, the Act of 1836 applied to the cases therein recited. See also, Smedley *v.* Erwin, 1 P. F. S. 445.

Again, we have complaint made that neither was the width of this road fixed by the legislature, in the law which author-

[Township of East Union v. Comrey.]

ized its construction, nor by the court under the first section of the Act of the 22d of May 1871. The answer to this is, that the commissioners under the Act of 1873, were clothed with power, not only to survey and lay out the highway in contro- versy, which is ordinarily the limit of the power of commis- sioners of this kind, but to open and construct it, hence the power to prescribe its width is necessarily implied. Statutes must be construed so as best to effectuate the intention of the legislature : Commonwealth *v.* Fraim, 4 Har. 169. But in or- der to carry into effect the plain legislative intent, as found in the Act of 1873, we must concede that, as the commissioners have conferred upon them the power to build the road, they must have the power to fix its width, for to talk about the construction of a road without width is sheer nonsense ; and that construction of a legislative grant, which would deprive it of an incident so obviously necessary for its proper execution, must be regarded as entirely too strict.

In answer to the sixteenth assignment it is enough to say, that the orders which form the subject of this action were pre- sented to the only officer in the township having the power to pay them. The act required the commissioners to draw, not upon the supervisors, but upon the township treasurer ; this was done ; the orders were presented and payment refused. To no purpose would have been a demand on the supervisors, for they had power neither to collect nor pay out money. As well might it be urged that a county order should be pre- sented to the county commissioners for payment rather than to the county treasurer. And as to notice to the supervisors, in order that they might make the necessary assessments to meet this demand, it is enough to say, if these officers were not disposed to obey the Act of Assembly, which not only directed a levy of taxes for the specific purpose of paying these orders, but also the annual amount thereof, in vain would be the notice of a private citizen.

We pass the eighteenth assignment with the remark that there is a sufficient statement of the cause of action in the narr. to sustain the judgment. All merely technical defects, if there were any such, were cured by the verdict. These might have been reached by a demurrer ; but as this was neglected, proba- bly because there was some risk in it, we cannot now so far dis- regard the rules of pleading as to consider exceptions to a declaration to which the defendant pleaded, and on which the parties had a full trial.

The remaining assignments cannot be sustained. Three of them except to the ruling of the court on the submission of the question of the performance of the contract by the plaintiff to the jury. But in them we can see no error ; the court could

[Kneedler *v*. Borough of Norristown.]

not lawfully take this part of the case from the jury. They had the right to pass upon all questions of fact, they did so, and determined that the road was finished according to contract, and that the township ought to pay for it. This ends the matter so far as this court is concerned, for we are not permitted to revise the findings of the jury.

Finally, that the road was never constructed in Luzerne county had nothing whatever to do with the case in hand, hence the evidence offered for the purpose of showing that fact was properly rejected.

The judgment is affirmed.