Henry Winner v. George L. Graner, George Kuntz, George Baun and Township of Reserve, Appellants.

173        43<br>35 SC ²510

*Road law—Change of grade—Damages.*

For damages caused by the opening and widening of roads laid out in townships the county is liable, but the damages must be ascertained and the liability enforced in accordance with the statutes which give the former and impose the latter.

Where an owner of land abutting on a road joins in a petition for a view to widen the road, and makes no claim for damages before the viewers, and is awarded none, he cannot afterwards bring an action of trespass against the township on the ground that in widening the road, the roadbed was left at an elevation above the natural surface of his land from seventeen inches to two feet six inches, where it appears that this elevation was the natural result or consequence of the cutting and filling necessary to widen the road.

Argued Oct. 3, 1895. Appeal, No. 162, Oct. T., 1895, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1894, No. 780, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for injuries caused by the widening and grading of a road. Before COLLIER, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[This case, as far as you are concerned, is brought down to a very narrow compass, and that is this : What damages, if any, has the plaintiff sustained by reason of this grading, which consisted mostly of filling, and which, it is alleged, put a piece of

his property below grade? That is the main question for you to determine, and it is an important one.] [2]

There are some tolerably serious law problems in the case, but that is not the question for you. [The question for you is whether or not the plaintiff has really suffered any damages from this grading—not in the grading as the street was originally laid out, but by this widening.] [3]

One set of witnesses testify that there was no damage; another set that there was from $200 damage, to what the plaintiff says, which, I believe, is the most, $1,000. Now, you ask this: From this evidence, after that improvement was made, would the property have sold for as much in the market as it would have sold for before? If it would, then the property is not damaged; if it would bring less, why, then, whatever amount less it is worth in the market is what the plaintiff would be entitled to.

You will not try the case by saying what the annoyance and inconvenience is. You cannot do that—that is, if you do do it, it would be illegal. I will read you again the rule in this case: [The measure of damages is the difference in the market value of the plaintiff's property immediately before the grading was done and immediately afterwards, as affected by the improvement.] [4] Now, if it was worth no less immediately afterwards—if a man would come along, you or I or any of us, and see it widened and the grading done and willing to give more for it than before, and it would bring more in the market, or just as much—then there would be no damage; but if it would bring less, that amount you would give to the plaintiff.

The plaintiff cannot recover for damages, if any, done to the plaintiff's property in the original opening of the road. The claim is for damages done in the widening of the road and work done after that, and, therefore, in arriving at a verdict you must exclude any damages done in the opening of the road.

[Now, gentlemen, you will take the case and use your good common sense and find a verdict in accordance with the evidence. You have nothing to do but what I told you.] [5] You need not bother about the parties, but simply determine whether or not the property would bring less in the market after that improvement than before it.

Defendants' point among others was as follows:

2. Under the evidence the verdict must be for defendants. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $300. Defendants appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*J. P. Hunter, A. B. Angney* with him, for appellants.—The quarter sessions court had jurisdiction of the subject-matter of the cause, whether you call this a "laying out" or "widening" of a road; and when that court finally confirmed the report of viewers laying out a road it was acting within the terms of the jurisdiction, and the judgment thereon is conclusive upon all other courts: McDonald v. Simcox, 98 Pa. 619; Wagner v. Salzburg Twp., 132 Pa. 636; West Chester Road, 2 Rawle, 421; Springdale Twp. Road, 91 Pa. 260; Reserve Twp. Road, 80 Pa. 166; Edge v. Com., 7 Pa. 266; Com. v. Reiter, 78 Pa. 161; Oakland Twp. v. Martin, 104 Pa. 303.

The township then, is not liable in damages for consequential injuries arising from the opening of such road: Feree v. Meiley, 3 Yeates, 153; Green v. Reading, 9 Watts, 382; O'Connor v. Pittsburg, 18 Pa. 187; Kittanning Academy v. Brown, 41 Pa. 272; Wharton v. School Directors, 42 Pa. 358; Anderson's Dictionary, title "Township"; Wagner v. Salzburg Twp., 132 Pa. 636.

*Levi Bird Duff*, for appellee.—A change from the natural grade is actionable: New Brighton v. Church, 96 Pa. 331; Hendrick's App., 103 Pa. 358; O'Brien v. Philadelphia, 150 Pa. 589; Penna R. R. v. Duncan, 111 Pa. 352.

The viewers in laying out or changing a public road are not authorized by law to fix the grade of the road. It is their duty to fix a location where a road can be made in the ordinary way, of a grade not exceeding five degrees, but they are not authorized to make and file profiles, showing cuts and fills. Consequently they cannot assess damages caused by the grading.

The appellant relies on Wagner v. Salzburg, 132 Pa. 636. There are some points of similarity between that case and this one, and some essential differences. The most important difference is that the plan of the road returned by the viewers showed the portions to be graded.

This case comes within the principal of Chester County v. Brower, 117 Pa. 647. It is held in that case that the language of sec. 8, article XVI of the constitution is to be construed liberally.

OPINION BY MR. JUSTICE MCCOLLUM, January 6, 1896 :

Main street is a public road in Reserve township, Allegheny county, and a part of the ground on which it is located was opened to the public by A. J. Pentecost in accordance with his plan of lots made and recorded in 1886. He did a little plowing upon it in order to make it passable and to enable purchasers of the lots abutting on it to get from them to the intersecting roads. There was some public travel upon it but there is no evidence that the township formally accepted it or did any work upon it as a public road, or that any one was legally bound to maintain it as such. The inhabitants, however, recognizing it as a public road, petitioned the court of quarter sessions for a view to widen it and the intersecting road known as Bessie avenue. Viewers were appointed who reported in favor of widening the roads, and their report was duly confirmed, " the roads when opened to be of the width of thirty-three feet." Under this order and in conformity therewith the township constructed a good and convenient road over which the public can safely pass. Between Luella street and Bessie avenue, a distance of three hundred and ninety-two feet, it was laid on a slope or hillside, and in the construction of it it was necessary to cut and fill and thus in some degree affect access to the lots above and below it. The petitioners knew this or ought to have known it, because they were familiar with the locality.

In 1887 the plaintiff purchased lots 62 and 63 on the Pentecost plan, and in 1889 he built on lot 63 a house in which he has since dwelt. These lots were below and abutted on Main street, and together they gave him a street frontage of forty-eight feet. In June, 1892, he, with others, petitioned for the view which resulted in the improvement we have described, and in May, 1894, he brought this suit to recover damages for an injury done to his property by it. He made no claim for damages before the viewers, and they, regarding the proposed improvement as a positive benefit to and an enhancement of the value of his property awarded him none. The specific matter

of which he now complains is that the lower side of the road-bed is so far above the natural surface of the ground on which it rests that it materially interferes with access to and egress from his lots by way of Main street. The roadbed is within the lines of the road as widened, and no part of it extends to the plaintiff's property line. Its elevation above the natural surface of his lots at that line varies from seventeen inches to two feet six inches, and is greatest at the corner of the alley adjoining lot 63. That this elevation was a natural result or consequence of the cutting and filling necessary to the proper construction of a safe and convenient road along the slope does not appear to admit of reasonable doubt. The elevation of the roadbed as we have described it is no greater now than it was at the close of the work upon it in 1892. So far as the elevation is concerned there was no change wrought in it prejudicial to the plaintiff by the work done after the order to open and widen was returned.

A careful consideration of all the evidence in the case, and the principles governing it, has convinced us that the elevation of which the plaintiff complains is chargeable to a proper exercise by the township of the power it possessed under the order to open and widen the road, and that an action for damages caused by the elevation is not maintainable against the township or its agents. For damages caused by the opening and widening of roads laid out in townships the county is liable, but the damages must be ascertained and the liability enforced in accordance with the statutes which give the former and impose the latter: Wagner v. Salzburg Township, 132 Pa. 636.

The learned counsel for the plaintiff has called our attention to the act of May 8, 1889, pp. 1, 8, and to the decision of this court in In re Milford, 4 Pa. 303, as affording some support to this action, but neither of them has, in our opinion, any application to it.

The plaintiff cannot contest in this action the regularity or validity of the proceedings in the court of quarter sessions for which he petitioned, and if there was a defect in them which would have warranted that court in setting them aside on motion it afforded him no basis for his suit against the township and its agents.

Judgment reversed.