# Herrington, Appellant, *v.* Booth.

*Negligence—Townships—Townships of first class—Construction of road—Caving in of adjoining land—Dependent contractor—Acts of April 28, 1899, P. L. 104; May 24, 1901, P. L. 297; June 7, 1901, P. L. 510.*

1. If a landowner sees fit to dedicate ground for a highway there is no necessity for him to petition the township commissioners to lay out such road. Dedication by the sole owner and its acceptance are all that is necessary. A deed of dedication simply waives the right to compensation and enables the township to go on and use the land without resorting to further preliminaries.

2. In a township the strongest evidence of an acceptance of a dedication is the assumption of control of a street and the expenditure of public money upon it by the township supervisors.

3. Where as the result of the excavation of a public street by a contractor engaged by a township, a cave-in occurs after the completion of the work, which was performed in the manner required by the terms of the contract, which reserved supervision of the work to the engineers of the township, the contractor is a dependent contractor, and the liability, if any, for injuries received from such cave-in rests on the township and not upon him, and in a suit against the contractor to recover for such injuries binding instructions were properly given for the defendant.

4. In such case where the street as excavated was over lands dedicated to the township, the contention of plaintiffs' counsel that as the township had not proceeded to open the highway under the Act of June 7, 1901, P. L. 510, the contract between the township and the defendant was, ultra vires and conferred no authority upon defendant to excavate the street and made it liable as a trespasser, was unfounded. The Acts of April 28, 1899, P. L. 104, Section 7, and May 24, 1901, P. L. 297, Section 1, empower commissioners in townships of the first class to open, grade, construct and pave all public highways of the township which shall or may at any time be laid out by lawful authority, and to accept the dedication of public highways. The Act of June 7, 1901, P. L. 510, Section 1, does not apply to the acceptance of the dedication of a highway under the earlier acts.

Argued Oct. 19, 1915, Appeal, No. 205, Oct. T., 1914, by plaintiffs, from judgment of C. P. Allegheny Co., June T., 1910, No. 868, on directed verdict for defendant

in case of L. M. Herrington and J. A. Williams v. Booth
& Flinn, Limited.   Before Mestrezat, Potter, Stew-
art and Moschzisker, JJ.   Affirmed.

Trespass to recover damages for cave-in of land caused
by excavation of public street.   Before O'Connor, J.

The facts appear by the opinion of the Supreme Court.

Verdict for the defendant, by direction of the court
and judgment thereon.   Plaintiff appealed.

*Error assigned,* among others, was in giving binding
instructions for the defendant.

*S. L. Webb,* for appellants.

*John S. Weller,* for appellee.

Opinion by Mr. Justice Potter, January 3, 1916:

From the evidence in this case, it appears that the
plaintiffs owned a tract of land in Stowe Township, Al-
legheny County, that fronted for some three hundred
feet upon a strip of ground laid out by the adjoining
owner, the West End Land Company.   That the latter
on November 14, 1907, agreed to dedicate the strip as a
public highway, provided certain public improvements
were made by the township.   That in the year 1908, the
township employed the defendant firm to construct a
highway upon the strip of ground which the land com-
pany had agreed to dedicate.   That the defendant per-
formed the construction work called for by the contract,
and after the work was completed and accepted, some of
plaintiffs' ground slipped down into the street, as a re-
sult of the alteration in the grade.   For the damages
resulting, plaintiffs sought to hold defendant responsible
in this action.   Upon the trial, the court below held that
the defendant firm was not in this instance an independ-
ent contractor, but that it had done the work under the
direction and control of the authorities of Stowe Town-

ship, and he concluded that the remedy of plaintiffs, if any they had, was against the township, and not against the defendant. He, therefore, affirmed a point for binding instructions in favor of defendant.

The testimony shows that plaintiffs expressly admitted that the adjacent land was not encroached upon by defendant while the work was being done, and that the land was cut down vertically, and was left in such condition that no damage resulted to the adjacent property by reason of the land caving in, up to the time of the completion of the work. They were not able to say how long it was after the work was finished until the ground at the edge of the cut slipped away.

Defendant is not charged with negligence in performing the work, and admittedly it was done in the manner required by the terms of the contract. That instrument reserved to the township engineers control over the manner in which the work was to be done, and required obedience to the orders of the engineers upon the part of the contractor and his employees. The evidence shows that the court below was clearly right in holding that defendant was in this case a dependent contractor, and in his conclusion that the township and not the defendant is the proper party to be held responsible for the results of the work, performed as it was in accordance with the directions of the township authorities, or its engineers.

Counsel for appellants contend that the township had no authority to lay out or open the highway except by means of proceedings under the Act of June 7, 1901, P. L. 510, by petition of a landowner, notice to other parties in interest and hearing, and the appointment of viewers to assess damages and benefits. As this was not done, it is urged that as a consequence the contract with defendant was ultra vires, and conferred no authority upon it to excavate the street, and, therefore, it was liable as a trespasser. Admitting that townships of the first class have no powers, except such as have been con-

ferred on them by express enactment, yet in the Act of April 28, 1899, P. L. 104, Section 7, it is expressly provided that in townships of the first class, the township commissioners shall have power, "to open, grade, construct and pave all public highways in the township which shall or may at any time be laid out by lawful authority.......To accept the dedication of public highways and alleys." The same provision is contained in the Act of May 24, 1901, P. L. 297, Section 1. The Act of June 7, 1901, P. L. 510, Section 1, does not apply to the acceptance of the dedication of a highway under the earlier acts. Clearly, if a landowner sees fit to dedicate ground for a highway there is no necessity for him to petition the township commissioners to lay out such a road, and give him notice of a hearing, at which he may object to the proceeding. In this case, the sole owner dedicated the land as a highway. Such a dedication and its acceptance are all that is necessary. In Philadelphia v. Thomas's Heirs, 152 Pa. 494, Mr. Justice Sterrett said (p. 496) : "A deed of dedication simply waives the right to compensation and enables the city (here township) to go on and use the land without first resorting to those preliminaries." In the present case it cannot be doubted that the dedication of the ground was accepted by the township, even though no formal conveyance was made by the owner until after the street had been laid out and graded. The evidence shows a contract between Stowe Township and the West End Land Company, by which the latter agreed to dedicate the land here in question for public use, for the purpose of locating and opening upon it a public highway or street, fifty feet wide, which the township agreed to locate, open, pave, grade and curb, the land company agreeing to contribute a sum not to exceed $25,000 towards the cost of the improvements, which included the construction of a tunnel along a part of the street. In performance of this agreement the township opened and graded the street over the land which the company had agreed to

dedicate for that purpose, and which adjoined plaintiffs' lots on the rear. In DuBois Cemetery Co. v. Griffin, 165 Pa. 81, it was held that where a landowner opened a public alley over his ground, without making any deed or agreement of dedication, and the borough assumed the duty of maintaining it, and from time to time did work upon it, these facts were "sufficient evidence of an acceptance of it by the latter as a public alley or street." To the same effect is the decision in Com. v. Shoemaker, 14 Pa. Superior Ct. 194, where it was said (p. 203) : "In a township the strongest evidence of an acceptance of such a dedication is the assumption of control of a street and the expenditure of public money upon it by the township supervisors."

We see no merit in any of the assignments of error, they are all dismissed, and the judgment is affirmed.