# Herrington's Petition.

*Road law—Townships of the first class—Grading—Damages—*
*Eminent domain—Acts of April 28, 1899, P. L. 104, and June 7,*
*1901, P. L. 510.*

1. Land condemned for road purposes is regarded a little differently from land taken for other public uses, inasmuch as in the original grant from the Commonwealth it was subject to six per cent allowance for roads, and compensation for taking or injury was a matter of grace, not of right.

2. A township is not liable for damages occasioned by the appropriation of private property for the construction of public highways, nor for injuries resulting therefrom, in the absence of legislation for compensation.

3. Although townships of the first class may be said to have a qualified power of eminent domain, they do not have the exclusive power to take land for highways, and such right as they do possess is not coequal with the power as it is enjoyed by municipalities recognized by the constitutional provision. Such power is limited and controlled by the courts.

4. The term "municipality" as used in the Constitution does not include all government agencies having authority to take or injure private property for use as a public highway, but such only as are municipalities with local and subordinate powers of self-government through their own legislation, and to which the features of police power appertain as an incident of government. It does not include quasi-corporations such as a township. When the latter is given authority, or a qualified authority, to take land for a highway, the enabling act must provide for compensation, with a remedy to recover it. When the authority is exercised, the remedy provided must be strictly followed and the act itself strictly construed.

5. The terms opening and grading have a distinct meaning in the law and damages for grading is not an incident inseparable from opening and laying out.

6. A resident of a township of the first class whose land abuts on a strip of land dedicated for the purposes of a highway cannot recover from the township damages under the Acts of April 28, 1899, P. L. 104, and June 7, 1901, P. L. 510, resulting from the grading of such highway.

Argued October 1, 1919. Appeal, No. 182, Oct. T., 1918, by L. M. Herrington, J. A. Williams and James W. Kelly, from order of Q. S. Allegheny Co., Nov. T., 1917, No. 1, dismissing exceptions to report of viewers In re petition of L. M. Herrington et al. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, KEPHART and SIMPSON, JJ. Affirmed.

Exceptions to report of road viewers. Before MAC-FARLANE, J.

The viewers disallowed the claim for damages for change of grade. L. M. Herrington and others filed exceptions to the report of the viewers. The court dismissed the exceptions. The exceptants appealed.

*Errors assigned* were in dismissing the exceptions.

*S. L. Webb,* for appellants, cited: Keller v. Harrisburg & Potomac R. R. Co., 151 Pa. 67; Whitby Ave., 22 Pa. Superior Ct. 526; Herrington v. Booth, 252 Pa. 70; Stauffer v. East Stroudsburg Boro., 215 Pa. 143.

*Cyrus A. Davis,* with him *Alexander E. Eckles,* for appellee, cited: Wagner v. Salzburg Twp., 132 Pa. 636; Eisenhart v. Phila., 154 Pa. 393; Grugan v. Phila., 158 Pa. 337; Volkmar Street, 124 Pa. 320; Brower v. Phila., 142 Pa. 350.

OPINION BY MR. JUSTICE KEPHART, January 5, 1920:

Stowe Township is a township of the first-class and the bed of the roadway under consideration was dedicated to the township by the West End Land Company. Appellants, who owned property abutting on the high-

way, petitioned for the appointment of viewers and stated that, pursuant to ordinances, the township entered upon the land therein described and graded the highway, abutting petitioners' land, to the depth of from one to sixteen feet for a distance of 535 feet; that the excavations caused the ground to slip from its natural place on the lots, thereby carrying away parts of petitioners' property outside of the street lines; that the excavating and grading diminished the market value of the lots by removing the lateral support and by taking away parts of the lots. The petition was under the Act of June 7, 1901, P. L. 510. The appellants seek to recover under this act because the taking and injury were by virtue of the power which townships of the first-class possess to exercise the right of eminent domain in the acquisition of their works or property, under Article XVI, Section 8, of the Constitution, and to this extent they are municipalities; in any event, it is claimed, townships of this class are liable for damages naturally resulting from a change in the grade of a public highway.

Section 8, article XVI, reads as follows: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements."

In considering the subject of highways, it is always well to remember that land taken therefor is regarded a little differently from land taken for other public uses, inasmuch as in the original grant from the Commonwealth it was subject to six per cent allowance for roads, and compensation for taking or injury was a matter of grace, not of right: East Union Twp. v. Comrey, 100 Pa. 362.

Prior to the Act of 1899, townships were not municipal corporations invested with the power of taking property for public use within the purview of this constitu-

tional provision: Wagner v. Salzburg Twp., 132 Pa. 636, 647. Roads were laid out under the general road law through the agency of the judiciary and reached the township free from all cost. Its duty, after opening, was to repair and keep them in condition for travel. The damage to the property owner was assessed under the road laws; it included the loss or damage that had a tendency to lessen the value of the owner's land: Newville Road, 8 Watts 172; Plank Road Co. v. Thomas, 20 Pa. 91. Where the owner recovered no damage in a proceeding thus instituted, he was concluded, in a collateral proceeding, by the report of the board of viewers and could not set up the lack of its receipt: Wagner v. Salzburg Twp., supra. Township authorities could change the grade of a highway from time to time as the exigencies of public travel required and the owner had no constitutional right to compensation for any injury resulting therefrom: Wagner v. Salzburg Twp., supra; Shoe v. Nether Providence Township, 3 Pa. Superior Ct. 137; Snively v. Washington Twp., 218 Pa. 249; Winner v. Graner et al., 173 Pa. 43. "Neither the Commonwealth nor a township is liable for damages occasioned by the appropriation of private property for the construction of public highways, nor for injuries resulting therefrom, in the absence of legislation providing for compensation": Snively v. Washington Twp., supra. The essential difference between townships and municipalities, such as boroughs and cities, is that, when a road is laid out by proceedings in the quarter sessions, the damages are assessed at the time of laying out, while in cities and boroughs the laying out is merely the expression of an intention and the damages do not accrue until the road is actually opened: South Twelfth Street, 217 Pa. 362, 365.

In classifying townships, the preamble of the Act of 1899 states its purposes. It was intended to give more populous townships, devoted largely to residential purposes, a form of government having greater powers than

were possessed by existing local governments of townships. They are not boroughs, nor do they resemble boroughs. The act intended to reserve the old township organization with all its powers and duties, except where it expressly enacted otherwise: Dempster v. United Traction Co., 205 Pa. 70, 78; Stowe Township Division, 23 Pa. Superior Ct. 285, 290; Smith v. Cheltenham Twp., 35 Pa. Superior Ct. 507, 511, 516. They possess and exercise only such powers as are granted by the legislature in express words or are necessarily or fairly implied in or incident to those expressly granted or those which are indispensable to its declared objects and purposes: P. R. R. Co.'s Case, 213 Pa. 373. Section 7 of the act authorized township commissioners "to open, grade, construct and pave" public highways, "which shall or may be at any time laid out by lawful authority, and......to accept the dedication of public highways." The same section, subsection 8, empowered by-laws and ordinances to be enacted, prescribing the manner in which these powers shall be "carried out." The "lawful authority" to lay out a road was derived from the general road law applying to all townships, or by dedication, as the act did not confer the power to lay out a road, nor did it provide compensation for roads opened and graded. The powers here enumerated are practically the same as those theretofore lodged in supervisors. To further enlarge the powers of the commissioners of townships of this class, the Act of June 7, 1901, P. L. 510, authorized them to "enact, ordain, survey, lay out, widen, straighten, vacate and relay all roads, streets, lanes and alleys within the township upon the petition of any owner or owners of property through whose lands any such road......shall pass." Provision was made for notice, hearing, report and exceptions to the report when filed in the clerk's office of the court of quarter sessions. It also provided for a review. On favorable action by the board and after the time allowed for filing exceptions, viewers were to be appointed who were to estimate and

determine the damage for property taken or injured. This was to be paid by the township, or the township and the properties benefited. While the preliminary procedure is before the township commissioners, instead of the court of quarter sessions, that court has a revisory control upon exceptions (section 1) and may order a review "in conformity with the now existing road laws of this Commonwealth." This eliminated the township as an agency to exercise the power of eminent domain, and substituted therefor the judiciary. Although townships of the first-class may be said to have a qualified power of eminent domain, they do not have the exclusive power to take land for highways, and such right as they do possess is not coequal with the power as it is enjoyed by municipalities recognized by the constitutional provision. If no objection is made to the taking, it is complete under lawful authority, but the test of the power comes when an objection is made to the taking. If another authority may intervene, and totally defeat the exercise of it, the power is not complete. Under the act, any citizen or freeholder of said township may except to the proceeding, and the function of determining whether the power shall or shall not be exercised, or be exercised on land different from that selected by the commissioners, is with the court. It is then under the general road law.

The term "municipality" as used in the Constitution does not include all government agencies having authority to take or injure private property for use as a public highway, but such only as are municipalities with local and subordinate powers of self-government through their own legislation, and to which the features of police power appertain as an incident of government. It does not include quasi-corporations such as a township. When the latter is given authority, or a qualified authority, to take land for a highway, the enabling act must provide for compensation, with a remedy to recover it. When the authority is exercised, the remedy provid-

ed must be strictly followed and the act itself strictly construed.

The land for this highway was dedicated; by this action the owner waived all right to claim compensation for laying out under the statute (Herrington v. Booth, 252 Pa. 70, 73), as the proceeding must be instituted by petition of the owner. If the Act of 1901 specifically allowed compensation for injury by grading, the appellant might, with some show of reason, claim that he stood in the same position as an owner whose land is damaged by a road laid out and graded under the act; there would then be much merit in his claim. But the act itself expressly excludes opening and grading. These terms have a distinct meaning in the law and though damages for land taken may be secured when the road is laid out under the general road law and the opening may be enforced as a matter of course, damage for grading is not an incident inseparable from opening and laying out. It is a separate and distinct physical change which takes place as the exigencies of travel require, and in municipalities must be separately dealt with. Damage for change of grade in townships can be secured only when it is provided for by legislation. The omission of the word "grade" from the Act of 1901 is significant of the legislative intention to exclude damages therefrom. In other words, the law in this respect has not been changed as to townships of either class.

The decree of the court below is affirmed.