## Vacation of South Fayette Township Road

*Louis L. Kaufman,* for exceptants.
*Con F. McGregor,* contra.

SOFFEL, J., December 23, 1943.—This case is before the court on exceptions and petition for review in re vacation of a portion of public road known as State Highway Route 02034 and 397, situated entirely within the bounds of South Fayette Township, a first class township of Allegheny County.

The facts are these: The Department of Highways of the Commonwealth of Pennsylvania relocated a State highway extending through South Fayette Township, a first class township. Situated entirely within the bounds of South Fayette Township is the public road, known as State Highway Route 02034 and 397, portions of which thereafter came under consideration for vacation. The only abutting property owner is the American Cyanamid & Chemical Corporation, except that the Pittsburgh & West Virginia Railroad Company and the Pennsylvania Railroad Company have respective rights of way over a portion of the same.

Upon petition of the aforementioned abutting property owner and the two railroads, to which was attached a release discharging South Fayette Township from any and all damage which would or might accrue to petitioners or any one or ones thereof as a result of the vacation of the hereinbefore-stated road, the Board of Commissioners of South Fayette Township fixed July 1, 1943, at 8:00 p.m., Eastern War Time, on the

second floor of the Municipal Building at Treveskyn, Cuddy Post Office, South Fayette Township, Allegheny County, Pa., as the time and place for public hearing relative to the subject matter and prayers of the petition.

Notice of the hearing was duly given in accordance with section 2007 of The First Class Township Law of June 24, 1931, P. L. 1206, and was served upon the abutting property owners, and at the time and place aforementioned on July 1, 1943, witnesses were summoned and examined by the board and by the parties interested, and all parties appearing were heard by the board. After such hearing and upon due consideration of the matter, the board of commissioners on July 15, 1943, by a vote of five to one, decided it was necessary for the public convenience to vacate and the board of commissioners did vacate the portion of the public road aforementioned and enacted an ordinance to such effect. The ordinance was duly advertised in accordance with section 1502, cl. 1, of The First Class Township Law and the roadway posted in accordance with section 2011 of The First Class Township Law. A report of the commissioners, together with a draft or survey of the road, was filed at the above number and term, in accordance with section 2008 of The First Class Township Law.

Various citizens or freeholders of the township, within 30 days after the filing of the aforementioned report and draft, filed exceptions to this report, together with a petition for review. A bond in the amount of $500 was filed to indemnify the board for all costs incurred in the proceedings.

The exceptions attack the report because it allegedly contains nothing from which a finding of fact or of law can be drawn concluding that the road vacated was not necessary to the public convenience; the testimony fails to sustain such finding; the board acted not upon the evidence before it but because of personal interest; and, finally, the vacation of the road is a detriment to the public.

Exceptants have not taken or filed depositions supporting the allegations of fact contained in the exceptions.

At the argument on said exceptions and petition for review the following questions of law were raised:

1. From the ordinance of township commissioners of the first class vacating a road, is there a right of appeal by exceptions to a report or petition for review?

2. Is the report of the township commissioners in the proper form?

3. Have the township commissioners abused their discretion and been guilty of gross misconduct in the instant proceedings?

4. Is inconvenience in travel the real basis of complaint in the petition, and if so, is it sufficient to justify a review?

A determination of these questions requires a consideration of The First Class Township Law of June 24, 1931, P. L. 1206, 53 PS §19092-2005 to -2009, inclusive. The Act of 1931, being the code for townships of the first class, was preceded first by the Act of June 7, 1901, P. L. 510, which was repealed by The General Township Act of July 14, 1917, P. L. 840, which, in turn, was repealed by the present township code. An examination of these codes reveals that there is, no effective difference in their wording so far as the questions raised in the present argument are concerned.

The relevant sections of The First Class Township Law of June 24, 1931, are these:

Section 2005, art. XX: "The board of township commissioners may enact, ordain, survey, lay out, open, widen, straighten, vacate, and relay all roads, streets, lanes and alleys, and parts thereof, which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road, street, lane or alley passes, or upon whose land it abuts, or without peti-

tion of the owners of abutting property if, in the judgment of the board of commissioners, it is necessary for the public convenience."

Section 2007, art. XX: "The board of commissioners shall give ten days' notice to the property owners affected thereby of the time and place when and where all parties interested may meet and be heard. Witnesses may be summoned and examined by the board and by the parties interested at such meeting or any adjournment thereof."

Section 2008, art. XX: "After such hearing and a consideration of the matter, should the board of commissioners, or a majority thereof, decide in favor of exercising the power so conferred, they shall make written report, together with a draft or survey of the road, street, lane or alley, fixing the width thereof and noting the improvements along the line thereof, and the names of the owners of property through which the same shall pass or whereon it shall abut. Such report and draft shall be filed in the office of the clerk of the court of quarter sessions."

Section 2009, art. XX: "Any citizen or freeholder of the township may, within thirty days after the filing of the report of the board of commissioners, upon entering in the court sufficient surety to indemnify the board for all costs incurred in the proceedings, file exceptions to the report, together with a petition for a review."

By section 2010 and succeeding sections the matter of the appointment of viewers, the posting of notices, and various other matters tending to deal with the construction or improvement of a new highway are considered.

Section 1907 gives only abutting property owners the right to claim damages in vacation proceedings. It provides as follows:

"The right to damages against townships is given to all owners or tenants of lands, property, or mate-

rial abutting on, or through which pass, roads, streets, lanes, or alleys, injured by the laying out, opening, widening, vacating, extending, or grading of such roads, streets, lanes, or alleys, or the changing of the grades or lines thereof, by such townships; the construction and the vacation by such townships of bridges and piers, abutments, and approaches therefor; and the construction by such townships of sewers over, upon, or through such lands or property."

Under section 2010 of The First Class Township Law, abutting property owners may petition the court of common pleas for viewers and appeal to said court of common pleas relative to assessment of damages in the vacation of a road by the commissioners of a first class township. In the instant case, however, no damages can be recovered because the commissioners, as set forth in the statement of facts, were motivated in the enactment of the ordinance by a petition of all abutting property owners, which included a waiver. See Herrington v. Booth, 252 Pa. 70, and Herrington's Petition, 266 Pa. 88, 94.

An analysis of the pertinent sections of the township code, cited above, establishes these facts:

1. The board of township commissioners has authority to vacate roads which are wholly within the township, upon a petition of a majority in interest of the owners of the property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property if in the judgment of the board of commissioners it is necessary for public convenience.

2. The board of commissioners is required to give 10 days' notice to property owners affected thereby of the time and place when and where all parties interested may meet and be heard.

3. After the matter has been considered, if the board of commissioners, or a majority of them, decide in favor of exercising the power thus conferred, a writ

ten report must be made, together with a draft or survey of the road, which report and draft must be filed in the office of the clerk of the court of quarter sessions.

4. Within 30 days after the filing of the report, any citizen or freeholder of the township may file exceptions to the report, together with a petition for a review, upon entering in the court sufficient surety to indemnify the board for costs.

5. In case of a vacation of a road, the sole right to damages, if any, is in the abutting property owners.

We shall now consider the first question of law, to wit, whether the vacation of a road by ordinance of the commissioners of a township of the first class gives the right of appeal by exceptions to the report of said commissioners, or petition for review.

It is strenuously argued by counsel for the township and the American Cyanamid & Chemical Corporation that no such right exists; that the action of the commissioners in vacation is a finality. Relying on the case of St. David's Church v. Sayen, 244 Pa. 300, it is contended that the board of township commissioners has jurisdiction when petitioned by property owners to vacate a highway within the township. To this extent the jurisdiction of the quarter sessions court, under the Act of June 13, 1836, P. L. 551, is superseded. It is to be observed that the St. David's Church case involved a construction of the Act of June 7, 1901, P. L. 510. This act, however, has been substantially reenacted in the present township code.

We do not agree with the contention of counsel that under the township code—even though there may be dicta in the St. David's Church case to this effect—there is no right of appeal by exceptions to the commissioners' report, or petition for review. Were that conceded to be the law, then section 2009 of the Act of 1931 would have no meaning whatsoever. That sec-

tion expressly states that any citizen or freeholder of the township may file exceptions to the report, together with a petition for review, provided the action is taken within 30 days after filing of the report of the board of commissioners, and provided that the proper bond to indemnify for costs has been entered.

In Herrington's Petition, 266 Pa. 88, where the court considered the Act of June 7, 1901, P. L. 510, which is similar to the Act of 1931, Mr. Justice Kephart, in construing the act, said:

"Provision was made for notice, hearing, report and exceptions to the report when filed in the clerk's office of the court of quarter sessions. It also provided for a review." (p. 92.)

"While the preliminary procedure is before the township commissioners, instead of the court of quarter sessions, that court has a revisory control upon exceptions (section 1) and may order a review 'in conformity with the now existing road laws of this Commonwealth.'" (p. 93.)

The Quarter Sessions Court of Allegheny County in the case of In re Public Road, 70 Pitts. L. J. 691, held that under the The General Township Act of July 14, 1917, P. L. 840, which preceded the township code of 1931, any citizen or freeholder of the township had the right to file exceptions to the report of the township commissioners, together with a petition for review. This, in our judgment, is equally true under The First Class Township Law of 1931. Speaking for the court in the Public Road case, Judge Kline, in a very able opinion, said (pp. 693, 694):

"It is contended by the counsel for the Township Commissioners, that . . . under . . . Section 495 . . . the question of the necessity of the said road for the public convenience is entirely within the judgment of the Board of Township Commissioners. We are of the opinion that this position is untenable, since Section

499 . . . gives the right to any citizen or freeholder of the township, to file exceptions to the report of the Township Commissioners, together with a petition for a review. The Legislature having given any citizen or freeholder of a township the right to file exceptions to the report of the commissioners, together with a petition for review, it is nothing more than reasonable to suppose that the Legislature intended to give such citizens or freeholder a sufficient remedy, under any case, in which proper exceptions or a petition for a review would lie under the law.

"The sole purpose of the Act, in providing for reviews is, that the Court may be fully informed as to the necessity of the road before their final action upon the report: Franconia Road, 78 Pa. 319; Herrington's Petition, 266 Pa. 88.

"We are therefore, of the opinion that a review should be had."

We, therefore, conclude that there is a right given to any citizen or freeholder of the township to appeal to the quarter sessions court from the action of the commissioners of a township of the first class in vacating a road, provided the action is taken within the proper time and the proper bond is posted. In the instant case this was done.

We come now to the second question: Is the report of the township commissioners in proper form?

On August 17, 1943, the Township Commissioners of South Fayette Township filed a written report in re vacation of a portion of the public highway known as State Highway Route 02034 and 397. The report sets forth these facts: South Fayette is a township of the first class; the American Cyanamid & Chemical Corporation, a corporation of Delaware, the Pittsburgh & West Virginia Railway Company, a corporation organized under and in pursuance of the laws of the States of Pennsylvania and West Virginia, and The Pennsylvania Railroad Company, a corporation

of Pennsylvania, petitioned the Board of Township Commissioners of South Fayette Township to vacate portions of the public road known as State Highway Route 02034 and 397. Attached to and made part of the report, and designated as "Exhibit A" is a draft or survey of the portion of the road proposed to be vacated, fixing the width thereof and noting the improvements and the names of the owners of the property through which the same passes or abuts. Designated as "Exhibit B" is a true and correct description by metes and bounds of the portion of the road which petitioners proposed to be vacated. The petition further states the fact that the American Cyanamid & Chemical Corporation is duly registered as a foreign corporation and authorized to do business in the Commonwealth of Pennsylvania; that it is the sole owner of all the property abutting upon the portion of the public road proposed to be vacated. The Pennsylvania Railroad Company, as lessee of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company for the term of 999 years from January 1, 1921, and the Pittsburgh & West Virginia Railway Company have rights of way which cross over a portion of said road. Said road is wholly within the bounds of South Fayette Township and is a public road. Written releases for any damages that might accrue because of the vacation have been given to the Commissioners of South Fayette by the railroads in question. The Commissioners of South Fayette Township fixed July 1, 1943, at 8:00 p.m., Eastern War Time, on the second floor of the Municipal Building at Treveskyn, Cuddy Post Office, South Fayette Township, Allegheny County, Pa., as the time and place for a public hearing. Ten days' notice of said hearing was given, in accord with section 2007 of article XX of The First Class Township Law to the property owners affected thereby, and to all parties interested. This was done by advertisement in the Oakdale Times on June 10th, 17th, and 24th, and in the

Pittsburgh Sun-Telegraph on June 11th, 18th, and 25th, and in the Pittsburgh Legal Journal on June 10th, 17th, and 24th. Such a notice was, on June 15, 1943, posted in conspicuous places along the line of that portion of the road proposed to be vacated. On July 1, 1943, at the time and place aforesaid, a hearing was had and witnesses were summoned by the board. After such hearings, on consideration of the matter, the Board of Commissioners of South Fayette Township, on July 15, 1943, by a vote of five to one, decided that it was necessary "for the public convenience" to vacate, and said board of commissioners did vacate, the portion of the public road known as State Highway Route 02034 and 397, and enacted an ordinance, copy of which ordinance, designated as "Exhibit "C", is attached to the report. A draft or survey of the portion of the road vacated, and designated as "Exhibit A" is also attached to the report. The ordinance aforesaid was duly published. The vacation of the portion of the public road as set forth in the report became effective 10 days after the publication, to wit, August 9, 1943. On July 17, 1943, notice was given in accord with section 2011 of The First Class Township Law by handbills posted in conspicuous places along the line of that portion of the road vacated. Said notices stated the fact of the passage and approval of the ordinance and the date of the passage.

In our judgment, the report is in proper form. Sections 2005, 2007, and 2008 of article XX of the code have been complied with, as have been the other sections of the code relating to vacation by the commissioners.

The vacation in the instant case was upon petition of the American Cyanamid & Chemical Corporation, the sole abutting property owner. The railroad corporations that had rights of way over the portion of the road requested to be vacated joined in said petition and released the township from any or all damages

which might accrue by virtue of the vacation. Ten days' notice of the time and place for hearing was given to the parties in interest, as required by the code. By a vote of five to one the commissioners approved the vacation. An ordinance was drafted which was properly published, and in proper time a written report, together with the draft or survey of the road and all of the essential matters required by the code, was filed.

An examination of the report with draft or survey attached reveals that it has been compiled with meticulous care and that it recites compliance with all of the statutory provisions pertaining to hearing and passage of ordinances. In paragraph 12 the report recites this finding of fact:

"After such hearing, upon consideration of the matter, the Board of Commissioners of South Fayette Township on July 15, 1943, by a vote of five to one decided that it was necessary for the public convenience to vacate, and said board of commissioners did vacate, the portion of the public road known as State Highway Route 02034 and 397, a true and correct description of which is attached hereto, made part hereof and marked 'Exhibit B'."

Paragraph 5 of the report recites that The Pennsylvania Railroad Company as the lessee of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company for the term of 999 years from January 1, 1921, and the Pittsburgh & West Virginia Railroad Company have rights of way which cross over a portion of the road. By acquiescing in the vacation the railroad companies have given up their rights of way.

It is our considered judgment that the report of the township commissioners is regular and in proper form.

It is a well-established principle of law that the only questions which can be raised by exceptions are such as go to the regularity of the proceeding or show gross misconduct on the part of the viewers. The exceptions

to the report of the board of township commissioners must be considered in accord with this principle of law.

The exceptions as stated are:

1. There is nothing in the report from which a finding of fact can be drawn concluding that the road was not necessary to the public convenience.

This exception is dismissed, the court being of the opinion that the report does contain findings of fact from which it may be concluded that the road was not necessary to public convenience, and for the further reason that the matter in question is more properly raised in a petition for review.

2. There was nothing in the testimony taken before the township commissioners which would support any finding that it would be necessary for the public convenience to close this road.

This exception is dismissed. There is nothing in the Act of 1931 which requires the testimony taken before the township commissioners to be transcribed and filed as part of the report. Nor is it necessary for the report to cite evidence or reasons resulting in the finding of fact to vacate. Notwithstanding that, the court has read the testimony and will permit it to be filed and is of the opinion that said testimony contains statements of fact which establish the necessity for closing the road.

3. The report fails to find as a matter of law or fact that it was necessary for the public convenience to close this road, the report merely stating in paragraph 12 that "the board of commissioners . . . by a vote of 5 to 1 decided that it was necessary for the public convenience to vacate."

This exception is dismissed, the court believing the report to be self-sustaining.

4. There is nothing in the report from which the court could find that the road was inconvenient or not necessary for the public convenience, and in fact all the testimony taken overwhelmingly shows that it

would be to the detriment of the public convenience to close the road, while there is no testimony advanced by petitioner's witnesses from which it could be found that the closing of the road would be to the public convenience.

This exception is dismissed. The report clearly indicates that as a result of the vacation certain grade crossings were eliminated and certain franchises held by railroads for a long period of time were given up. Further, the expansion of the American Cyanamid & Chemical Corporation plant will no doubt result in substantially increased tax revenue.

5. The board did not decide upon the evidence presented before them but upon their personal attitudes, their vote being five to one to close the road, the one vote being from the commissioner representing and elected by that part of South Fayette Township which would be affected by the road closing and the five votes from those commissioners who were not elected by the people of the district who use this road.

This exception is dismissed, there being nothing in the record to substantiate this allegation.

6. In the event this road is closed, the American Cyanamid Company, petitioner, who owns all the abutting property, would take over a valuable right of way which has been in active existence for over 75 years for their sole use, to the detriment and inconvenience of every resident and citizen of district 7 of South Fayette Township as well as residents of nearby communities who, for the longest time, enjoyed this road.

This exception is dismissed. It is apparent that the crux of the complaint is inconvenience in travel. There is another road available and travel will not be prohibited by vacation. Mere inconvenience in travel is not sufficient to prevent a vacation.

See Howell v. Morrisville Borough, 212 Pa. 349, 355, Daughters of American Revolution v. Schenley

(No. 1), 204 Pa. 572, 583, and Bethlehem Municipal Water Authority Case, 144 Pa. Superior Ct. 57, 62.

We, therefore, conclude that all the exceptions should be dismissed, the record failing to establish any irregularity in the proceedings of the township commissioners and failing likewise to reveal any misconduct or abuse of discretion on their part.

We shall now consider the petition for review. Petitioners set forth in their petition for review many allegations of fact which have already been disposed of by the court in the consideration of the exceptions filed, the basic allegation being that the proposed vacation of the road in question is not for public convenience but will result in inconvenience to the public.

Under The First Class Township Law of June 24, 1931, P. L. 1206, the township commissioners stand in the place or position of viewers under the General Road Law, namely, the Act of June 13, 1836, and if a dissatisfied person desires a rehearing in matters of fact which are by law specially left to the viewers for decision he has a right to demand a review. The legislature has given any citizen or freeholder of a township the right to file exceptions to the report of the commissioners, together with a petition for review. Under section 2009 of the Act of 1931 the right is expressly given to file exceptions and petition for review. The purpose of the act in providing for reviews is that the court may be fully informed as to the necessity of the road before final action upon the report: In re Public Road, 70 Pitts. L. J. 691.

We, therefore, conclude that a review should be had.

### Order of court

And now, to wit, December 23, 1943, it is ordered, adjudged, and decreed that the exceptions filed in the above-entitled proceedings should be and are hereby dismissed.

It is further ordered, adjudged, and decreed that counsel for exceptants be permitted to file the testimony and that it be made a part of the instant record.

It is further ordered, adjudged, and decreed that a review should be had in the instant proceedings.