# In re Public Roads in Wayne Township

*A. H. Lipez*, for petitioners.

*Saylor J. McGhee, Jr.*, for Wayne County Supervisors.

HIPPLE, P. J., September 22, 1950.—This matter comes before the court upon exceptions filed to the report of the Supervisors of Wayne Township, Clinton County, laying out two public roads in that township and a petition for a review. The laying out of the two roads in question was done by the supervisors under the Act of May 1, 1933, P. L. 103, as amended by the Acts of July 10, 1947, P. L. 1481, and May 2, 1949, P. L. 819, 53 PS §19093-1101. Under the act, as amended, it is provided that:

"The township supervisors may . . . lay out, open . . . all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience."

There are provisions for the giving of notice by the supervisors to the various property owners of the time and place where all parties interested may meet and be heard, for the summoning and examination of witnesses, and if after such hearing and consideration, the supervisors or a majority decide in favor of opening a road, they are required to make a written report, together with a draft or survey of the road, fixing the width, noting the improvements along the line thereof and the names of the owners of property through which the road passes or abuts. This report and draft is filed in the office of the clerk of the court of quarter sessions.

A further provision is that "any citizen or freeholder of the township may, within thirty (30) days after the filing of the report of the supervisors, upon entering in the court sufficient surety to indemnify them for all costs incurred in the proceedings, file exceptions to the report *together with a petition for a review."*

The Second Class Township Code, as amended in 1949, repeals the General Road Law of June 13, 1836, P. L. 551, sec. 1, 36 PS §1781, regulating the laying out or opening of public roads in second class townships: Middlecreek Township Road, 14 Somerset 207; Application for Appointment of Viewers to Vacate Part of a Public Road in Dallas Township, Luzerne County, 123 L. I. 45.

The report of the supervisors in this proceeding appears to be in proper form and in compliance with the Act of 1949, and the exceptions filed by four residents of Wayne Township do not attack its validity.

The exceptions raise questions of fact: (1) There are no persons living along the proposed roads; (2) The proposed location of the roads practically parallels existing roads; (3) The proposed roads almost entirely pass through mountain land on which there are no im-

provements whatsoever, except in a few instances there are camp sites; (4) The cost of construction of these roads and the damages arising therefrom would be beyond the means of Wayne Township to pay; (5) The proposed location of the two roads, particularly the one known as the Henry Run Road, would be constantly subject to slides and would require bridging and changing the course of streams; (6) A large portion of the proposed rights of way would be through State forest land and permission has not been obtained for such authority from the Commonwealth, and (7) the action of the supervisors in adopting the resolutions laying out and opening the roads in question is alleged to be arbitrary and capricious, and if the roads are opened that fact would be injurious to exceptants and burdensome to the inhabitants of the township.

In addition to these exceptions exceptants pray for a review "in accordance with the Act of Assembly in such case made and provided."

In Herrington's Petition, 266 Pa. 88-93, involving the First Class Township Law of June 7, 1901, P. L. 510, the provisions of which were in many respects similar to the present Second Class Township Code, as amended in 1949, the Supreme Court said:

"While the preliminary procedure is before the township commissioners, instead of the court of quarter sessions, that court has a revisory control upon exceptions . . . and may order a review 'in conformity with the now existing road laws of this Commonwealth'."

The Act of 1901, after providing for the filing by citizens or freeholders of the township of exceptions to a report of the township commissioners, further provided that a petition for review may be filed "in conformity with the now existing road laws of this Commonwealth." Therefore, upon filing a petition for re-

view, the court of quarter sessions was given specific authority to appoint reviewers in conformity with the then existing laws, viz., The General Road Law of 1836.

However, no such provision is made in the Second Class Township Code, as last amended by the Act of 1949. It merely provides that exceptions may be filed to the report of the township supervisors "together with a petition for a review". It does not specifically authorize the court of quarter sessions to appoint viewers for the purpose of a review as did the Act of 1901 with relation to first class townships, under which Herrington's Petition, supra, was decided, nor does it provide any method by which the court may hold a review.

The evident intent of the Act of 1949 providing for a review is that the court may be fully informed before final action upon the report of the supervisors: Vacation of South Fayette Township Road, 50 D. & C. 26, citing In re Public Road, 70 Pitts. L. J. 691. These cases were both decided subsequent to the Act of June 24, 1931, P. L. 1206, sec. 2009, 53 PS §19092-2009, relating to First Class Townships, the wording of which is precisely the same as section 1102(c) of the Act of July 10, 1947, P. L. 1481, 53 PS §19093-1102(c).

The only method by which a review can be had is by the appointment of viewers. As stated in In re Public Road, supra, the township supervisors stand in the position of viewers under the General Road Law of 1836, and if a dissatisfied person desires a rehearing on matters of fact, which are by law specially left to the viewers for decision, he has a right to demand a review.

### Order

Now, September 22, 1950, being of the opinion that a review should be held, the exceptions are dismissed, without prejudice, to be reinstated after the report of

the reviewers is filed, if exceptants so desire, and the petition for a review is sustained. The court will appoint reviewers in a separate order.